# Edward Gannon, Plff. in Err., *v.* William L. Wilson.

The fact that a horse is found upon a sidewalk of a public street creates a presumption of negligence against the owner of the horse.

(Decided February 8, 1886.)

Error to the Common Pleas, No. 1, of Philadelphia County to review a judgment for plaintiff in an action for damages. Affirmed.

On May 4, 1882, a horse attached to a United States mail wagon, without a driver, ran up Chestnut street in the city of Philadelphia. When reaching the store of William L. Wilson the horse ran upon the sidewalk and broke a lot of terra cotta drain pipes which were lying upon the pavement in front of the store. Wilson brought this action against Edward Gannon, the owner of the horse, to recover for the damages thus occasioned.

The defendant offered in evidence an ordinance of the city of Philadelphia prohibiting the placing of wares upon the pavement, to show contributory negligence. The offer was ruled out. Among other things, the judge charged the jury:

"When a horse and wagon are found running along, without a driver, upon the sidewalk of a public street, and injury to another person or his goods is caused by it, it is prima facie evidence of negligence on the part of the owner. . . . Even if the plaintiff violated an ordinance of the city in placing his wares on the sidewalk, that would not be such contributory negligence as would prevent him from recovering against the defendant in this case. The city might impose a fine, as a penalty, but this is a question entirely between him and the city."

Verdict and judgment having passed for plaintiff, defendant brought error.

*H. W. Gimber,* for plaintiff in error.—The act of negligence must be shown. The burden of proving negligence is upon the plaintiff, and is not to be presumed. McCully v. Clarke, 40 Pa.

---

NOTE.—When the owner of a horse suffers it to go at large in the streets of a populous city, he is answerable for a personal injury done by it to an individual, without proof that the owner knew that the horse was vicious. Goodman v. Gay, 15 Pa. 188, 53 Am. Dec. 589.

407, 80 Am. Dec. 584; Philadelphia & R. R. Co. v. Hummell, 44 Pa. 377, 84 Am. Dec. 457; Waters v. Wing, 59 Pa. 213.

*Samuel W. Pennypacker,* for defendant in error.—Leaving a horse alone and unfastened is gross negligence.    Overington v. Dunn, 1 Miles (Pa.) 39.

When in a city a horse attached to a carriage is found running on the sidewalk, the law will presume negligence on the part of the owner.    Hummell v. Wester, Brightly (Pa.) 133.

Where a stallion was confined by such a fence as was common among farmers, but jumped over it and strayed upon the highway, doing damage, it was properly left to the jury to say whether the fence was sufficient.    McIlvaine v. Lantz, 100 Pa. 586, 45 Am. Rep. 400.

It is no excuse for the defendant to say that the plaintiff is doing something illegal, unless he can add that the doing so contributes materially to the accident.    Smith, Neg. 235.

One who places his horse and wagon in a city transversely to the street while loading, contrary to ordinance which directs under penalty that vehicles must be placed lengthwise and near the pavement, may recover against one who negligently drives against him.    Steele v. Burkhardt, 104 Mass. 59, 6 Am. Rep. 191.

And also when the plaintiff was in this situation and was injured by the defendant's runaway horse.    Greenwood v. Callahan, 111 Mass. 298.

Although the plaintiff has been guilty of negligence, and although that negligence may in fact have contributed to the accident, yet if the defendant could in the result, by the exercise of ordinary care and diligence, have avoided the mischief which happened, the plaintiff's negligence will not excuse him.    Wharton, Neg. §§ 324, 326.

It was only a condition, and not a cause of the accident, and not, therefore, contributory negligence.    Brown v. Lynn, 31 Pa. 510, 72 Am. Dec. 768; Gray v. Scott, 66 Pa. 347, 5 Am. Rep. 371; Creed v. Pennsylvania R. Co. 86 Pa. 145, 27 Am. Rep. 693; Thirteenth & F. Streets Pass. R. Co. v. Boudrou, 8 W. N. C. 242.

If plaintiff had been violating a law, and not simply an ordinance of the city, it would have been no defense.    Mohney v. Cook, 26 Pa. 342, 67 Am. Dec. 419; Piollet v. Simmers, 106 Pa. 95, 51 Am. Rep. 496.

PER CURIAM:

We see no error in the rejection of the evidence, nor in the charge of the court. If the defendant in error did violate an ordinance of the city, that violation was not a proximate cause of the injury. It is the duty of the owner of a horse not to voluntarily permit it to run on the sidewalk of a public street. When so found, he must rebut the presumption of negligence arising therefrom.

Judgment affirmed.