# McClung *v.* Pennsylvania Taximeter Cab Company, Appellant.

*Negligence — Automobiles — Collision — Conflicting evidence— Contributory negligence—Proximate cause—Case for jury.*

1. It is the duty of a driver of a vehicle approaching the crossing of a street intersection to have his vehicle under control and to observe what is or may be approaching from the other street; and where another vehicle is first at the crossing, to give it an opportunity to clear the same and to use due care to avoid a collision.

2. Where in an action for injuries, occasioned in a collision between plaintiff's automobile and another automobile, plaintiff's evidence tended to show that defendant's car was driven in a reckless manner and at very high speed and ran violently into plaintiff's car; while defendant's evidence placed the responsibility for the accident upon the reckless management of plaintiff's car, the case is for the jury.

3. In such case plaintiff was not precluded from recovery by reason of the fact that, at the time of the accident, he was sitting on the floor of the car between the driver and a passenger, as his unusual position was not the cause of the accident and in no way contributed thereto. A person injured by the negligence of another is not deprived of all remedies merely because, at the time, he was occupying an unusual position in a conveyance, unless he thereby cooperated in causing his injuries.

Argued Jan. 10, 1916.    Appeal, No. 396, Jan. T., 1915, by defendant, from judgment of C. P. No. 2, Philadelphia Co., June T., 1912, No. 1601, on verdict for plaintiff, in case of William J. McClung v. Pennsylvania Taximeter Cab Company.    Before BROWN, C. J., MESTREZAT, STEWART, FRAZER and WALLING, JJ.    Affirmed.

Trespass to recover damages for personal injuries. Before BARRATT, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $8,482 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant, in refusing to enter judgment n. o. v., instructions to the jury and answers to points.

*Layton M. Schoch,* with him *Frank A. McManus,* for appellant.

*Owen J. Roberts,* with him *Henry M. Stevenson,* for appellee.

OPINION BY MR. JUSTICE WALLING, March 6, 1916:

This case is the result of a collision of two automobiles, used as taxicabs. On November 30, 1911, at about 2:30 o'clock a. m., defendant's taxicab or car was being driven east on Chestnut street, Philadelphia, and collided with plaintiff's taxicab while the latter was going north on 17th street. The streets cross at right angles, Chestnut street being sixty and 17th street fifty feet wide. The cartway of each is of the width of twenty-six feet, with a single track street railway in the center. The accident occurred north of the center of Chestnut street and east of the center of 17th street. In plaintiff's car were six persons, including four passengers, one of whom was on the front seat with the chauffeur; and plaintiff sat on the floor of the car between such passenger and the dash board, facing west with his feet on the running-board, but no part of his person being outside of the line of the car. It was plaintiff's custom to accompany his car to collect fares and look after passengers. After the collision defendant's car came to a stop against the telegraph pole at the northeast corner of said streets and plaintiff's car, which had been turned to the

right in an effort to avoid the accident, stopped about twenty feet further east. By the collision plaintiff was thrown to the pavement near the telegraph pole and very seriously injured. His car was damaged and some of his passengers hurt.

The evidence is conflicting, that for plaintiff tending to show that defendant's car was driven in a reckless manner and at very high speed and ran violently into plaintiff's car; while that of defendant's chauffeur places the responsibility for the accident upon the reckless management of plaintiff's car. The trial judge fairly submitted the case to the jury, who found for the plaintiff and judgment was entered thereon.

The first and second assignments of error, which complain of the court's refusal to decide the case for the defendant as matter of law, are without merit, as it was clearly for the jury.

It is the duty of one approaching the crossing of a street intersection to have his vehicle under control; and to observe what is or may be approaching on the other street. And where another vehicle is first at the crossing to give it an opportunity to clear the same; and to use due care to avoid a collision. The third assignment of error as to the charge of the court on this branch of the case cannot be sustained.

Plaintiff was the owner and in charge of his car and it is not clear that his position thereon was one of danger, or that he was more liable to injury there than elsewhere. It bears no analogy to the case of a passenger voluntarily standing on the bumpers or foot-board of a car, or riding with his feet between a car and the engine. The cause of the accident was the violent collision, resulting as the jury found from defendant's negligence, and not because of the place plaintiff occupied on his car. His being there was merely a condition, not the cause of the accident.

A person injured by the negligence of another is not deprived of all remedy merely because at the time he

was occupying an unusual position in a conveyance, unless he thereby cooperated in causing his injury:

"The contributory negligence which prevents recovery for an injury, is that which cooperates in causing the injury—some act or omission concurring with the act or omission of the other party to produce the injury (not the loss merely), and without which the injury would not have happened": Gould v. McKenna, 86 Pa. 297, 303.

"The test for contributory negligence is found in the affirmative of the question, does that negligence contribute in any degree to the production of the injury complained of? If it does, there can be no recovery; if it does not, it is not to be considered": Creed v. Penna. R. R. Co., 86 Pa. 139, 145.

In Gannon v. Wilson, 1 Sadler 422, 424, defendant's horse ran on the sidewalk in front of plaintiff's store and damaged some property belonging to plaintiff. Defendant offered as evidence of contributory negligence an ordinance prohibiting the placing of wares on the sidewalk. This evidence was excluded, and in affirming the judgment this court say:

"If the defendant in error did violate an ordinance of the city, that violation was not a proximate cause of the injury."

The question as to the negligence of plaintiff's chauffeur was submitted to the jury and there is nothing to sustain a finding that plaintiff was personally guilty of any negligence which contributed to his injury, or that because of his position on the car he and the chauffeur were bound to exercise extraordinary care, or that he thereby assumed the risk of injury caused by some one negligently colliding with his car.

The assignments of error are overruled and the judgment is affirmed.