TEMPLETON v. CITY OF WELLINGTON.
(No. 1433.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 11, 1918.)

1. MUNICIPAL CORPORATIONS ⬦682(2)—EXCLUSIVE FRANCHISE FOR WATER SYSTEM—VALIDITY.

Petition alleging that defendant city granted to a named company exclusive franchise for 25 years to use streets and alleys for constructing, equipping, and operating a water system, and that plaintiff became owner of the system, was, in so far as it sought recovery for breach of contract, subject to special exceptions; the grant of exclusive privilege being void.

2. WATERS AND WATER COURSES ⬦210—WATER FRANCHISE — INJURY TO PIPES—PLEADING.

In an action against city for ploughing up plaintiff's pipe lines, *held* that allegation and proof of contract granting exclusive privilege to operate water system was unnecessary to give plaintiff a remedy for conversion or wrongful injury to property, so that court erred in sustaining general exception to petition and entering judgment thereon.

3. WATERS AND WATER COURSES ⬦210—WATERWORKS FRANCHISE—DESTRUCTION OF WORKS.

While no action will lie if in order to maintain it plaintiff requires aid from an illegal transaction, the fact that defendant city permitted water system equipment in its streets, whether under a void contract or by permission, did not authorize a wanton or willful injury to it.

4. PLEADING ⬦204(2) — SUFFICIENCY ON GENERAL DEMURRER.

While special exceptions were properly sustained to that part of petition seeking a recovery for breach of contract, if, after eliminating that feature, a cause was stated against defendant city for a conversion and for damages inflicted by willful acts or negligence, a general demurrer should not have been sustained.

5. PLEADING ⬦228—DEFECTS—SPECIAL EXCEPTIONS.

If the petition shows a good cause, but defectively stated, or if there is an omission of a formal averment, the defect must be pointed out by special exception.

Appeal from District Court, Collingsworth County; J. A. Nabers, Judge.

Action by R. H. Templeton against the City of Wellington. From judgment sustaining general and special exceptions to first amended original petition, plaintiff appeals. Reversed and remanded.

R. H. Templeton, of Wellington, and Jos. H. Aynesworth, of Childress, for appellant. C. C. Small, J. C. Mahan, and R. H. Cocke, Jr., all of Wellington, for appellee.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

HUFF, C. J. This is an appeal from a judgment sustaining general and special exceptions to the appellant Templeton's first amended original petition. Both parties apparently treat the case as having been disposed of by the general exception. It is difficult to determine just what cause of action appellant set up by his petition. It is asserted in this court by appellant that he was suing for a tort, but part of his petition clearly places his right of recovery upon a breach of a contract. In substance, the petition alleges that the city of Wellington entered into a contract with the Wellington Water, Light & Ice Company February 23, 1910, wherein it granted to said company a franchise to use the street and alleys of the town for the purpose of constructing, equipping, and operating a water system, etc., in the town, setting out in the petition a copy of the contract, one clause of which is as follows:

"The said company shall have the said franchise for and during 25 years from this date, exclusive to it and to it alone for any like purpose or purposes."

After the contract was entered into it is alleged the water company began to construct a system of waterworks, putting down wells, laying water mains, etc., and that on October 26, 1915, the appellant, in the course of trade, became owner of the system, and, relying on the contract and franchise, he made additional improvements and extensions. We believe it may be stated that it is alleged, inferentially at least, that the town permitted the use of the street and for a long time used the water of the company for public purposes or uses. It is alleged that the town, on or about the 26th day of October, 1915, breached its contract with the company by voting bonds to the extent of $27,500 and with the proceeds of the sale erecting a municipal water plant, thereby becoming a competitor to appellant, and he again specifically alleges:

"That said town of Wellington, on August 16, 1915, voted said bonds, and from that began making arrangements for putting in a system of waterworks in said town, which prevented plaintiff from further improving his system because with the city as his competitor, to which plaintiff had to contribute as a property owner, made it impossible to further improve said system and an entire loss of plaintiff's system."

It is alleged that the cost or the value of the system was $15,000. The above allegations, however, are followed by the general allegation:

"Plaintiff further says that he offered to sell his system, or any part thereof, to defendant, but defendant refused to buy same or any part thereof, and proceeded to destroy and confiscate same to its own use and benefit."

As part of his system he shows the erection of water tanks, putting down of wells, the laying of mains and pipe lines, which were made of cypress, and which, if kept filled with water, would last a long time; that the defendant ploughed up his pipe lines across streets and disconnected its line from his customers and caused great quantities of water to waste; that the pipes so ploughed up and broken up and the repair to same was $50, and the water wasted was of the value of $25. That without plaintiff's permission defendant proceeded to disconnect all customers from plaintiff and used and appropriated the lines of pipe to defendant's own use and benefit, some 32 in number, of the value of $160; that by taking up and breaking the pipe lines there will be one mile thereof, which is of the value of $5,000 without water in them, which renders them useless, and will render them valueless. He, however, alleges that the pipes or system cannot be repaired except at great cost. Unions would have to be procured and many joints replaced, and by reason of the kind of pipe and its location plaintiff has been damaged $5,000. It is alleged that in time of fire defendant would open plaintiff's mains and use great quantities of water, which it would not pay for or offer to do so, alleging the quantity so appropriated to be not less than 50,000 gallons, worth 50 cents per 1,000 gallons.

The first exception is general. (2) Special exception is to the effect that it is not alleged that the town was empowered to enter into a contract to furnish water to its own inhabitants nor to grant franchises or privileges to any person or corporation. (3) That plaintiff was not shown to be connected with the franchise or granted the right or privilege claimed, and that the contract shows on its face it could not be transferred. (4) That there is no allegation showing that the water company furnished the city with light or ice within three years, as provided by the contract, and in effect the exception is that this was a condition precedent to make the contract binding. (5) That the contract as alleged shows that it was void in that it is exclusive and creates a monopoly and establishes a perpetuity.

[1] In appellant's brief he disclaims any purpose to recover upon a breach, but says only that such allegations were made as explanatory or by way of inducement. We take it that he concedes the contract as alleged is void under the Constitution of this state. To that part of the petition which apparently seeks a recovery upon a breach of the contract we think the trial court correct in his ruling. The special exceptions are evidently addressed to that portion of the pleadings. Our Supreme Court has held the granting of an exclusive right of way to lay piping for supplying the town with water is void. Giving an exclusive privilege for a

period of 25 years of furnishing water to the city or its inhabitants has been held contrary to the provision of the Constitution against monopoly. Edwards v. Jennings, 89 Tex. 618, 35 S. W. 1053; Altgelt v. City of San Antonio, 81 Tex. 436, 17 S. W. 75, 13 L. R. A. 383; City of Austin v. Nalle, 85 Tex. 520, 22 S. W. 668, 960; City of Brenham v. Brenham Water Co., 67 Tex. 542, 4 S. W. 143.

[2] This action, however, has another feature to it, in that it is in its nature an action for conversion of certain property and for damages to certain property by wrongful acts of the town authorities and one item for water used and unpaid for. While we understand the contract as alleged could not be enforced or damage recovered for its breach, we yet do not think the city would have the right to convert the property of appellant or to injure it.

[3] It doubtless is true as a principle of law that no action will lie if in order to maintain it plaintiff requires aid from an illegal transaction, or is under the necessity of resting his cause upon an illegal agreement to which he is a party. One who violates the law must suffer its penalty, but in all other respects he is under its protection and entitled to its remedies. The allegation and proof of the contract was unnecessary to give the plaintiff the remedy the law establishes for conversion or wrongful injury of the property. The fact that the town permitted the property in its streets, whether under a void contract or by permission, would not authorize a wanton or willful injury to it. Railway Co. v. Johnson, 71 Tex. 619, 9 S. W. 603, 1 L. R. A. 730; same case, 25 S. W. 1015; Railway Co. v. Parker, 50 Tex. 330; Coppedge v. M. K. Goetz Brewing Co., 67 Kan. 851, 73 Pac. 908; Brown v. Lynn, 31 Pa. 510, 72 Am. Dec. 768; Welch v. Wesson, 6 Gray (Mass.) 505. This court has practically announced the same principle of law in a case where it was alleged that the shipper and railroad entered into a contract of shipment in violation of the Interstate Commerce Act. Railway Co. v. Manby, No. 1431, 207 S. W. 157, not yet officially reported.

We shall not at this time discuss the question whether appellant could recover without showing his contract as a basis for recovering. Ordinarily the contract would not be necessary to show title to the thing injured or converted, or to prove the injury or conversion. As to the water used by the town, our Supreme Court seems to recognize the right of the water company to recover, even if the contract with the city created a monopoly. Especially is this true if the water was used before the town repudiated the right of the water company in the street under the contract. City of Tyler v. Jester,

97 Tex. 344, 78 S. W. 1058; Brenham v. Water Co., 67 Tex. 542, 4 S. W. 143.

[4] We think the special exceptions were properly sustained to that part of the petition seeking a recovery for breach of the contract, but if, after eliminating that feature, a cause was stated for a conversion, and for damages inflicted by wrongful acts or negligence, a general demurrer should not have been sustained or judgment rendered against appellant upon the pleadings. Many of the objections urged in this court by appellee to the courts setting up damages and for conversion, etc., would be good upon special exceptions, but nearly all relate to the form of the allegation, and not to the substance.

[5] If the petition shows a good cause, but defectively stated, or if there is an omission of a formal averment, the defect must be pointed out by special exception. This rule, of course, is known to counsel, but its application to particular pleadings is sometimes found difficult. Without discussing the particular allegations which we believe state a cause of action, we have arrived at the conclusion upon the whole that a general exception should not have been sustained, and judgment rendered thereon. The construction of the pleadings is such that the trial court in the necessary cursory consideration of the question would likely overlook the facts stating the cause, especially as the illegal contract and right claimed thereunder appear to be the dominating feature of the pleading and is so interwoven with other matters that it is hard to decipher that this is really an action sounding in tort. We have concluded, however, that we should reverse the judgment and remand the cause.

Reversed and remanded.