## Preston v. Pilch.

*Negligence — Automobiles — Collision at street intersections — Duties of drivers—Contributory negligence—Act of June 30, 1919.*

1. Under section 25 of the Motor Vehicle Act of June 30, 1919, P. L. 678, a failure to pass beyond the centre line of the intersecting highway before making a turn to the left is negligence on the part of the driver or operator of a motorvehicle.

2. At such an intersection, the driver on the left must give way, unless so far in advance of another vehicle as to afford reasonable time to clear the crossing and thus avoid a collision.

Motion for judgment *n. o. v.* C. P. Washington Co., Aug. T., 1921, No. 114.

*Hughes & Hughes,* for plaintiff; *Harry F. Moore,* for defendant.

CUMMINS, J., April 10, 1922.—The plaintiff, on July 18, 1920, while driving his automobile eastwardly on Main Street, in the Borough of Bentleyville, turned to the left to drive out the Pittsburgh Road, an intersecting street leading into Main Street, and just as he was beginning to make the turn from Main Street into the Pittsburgh Road, his automobile collided with the motorcycle of the defendant, being driven by defendant on Main Street, coming westwardly and keeping close to his own right-hand side of the street. Upon trial, the jury rendered a verdict in favor of the plaintiff and against the defendant in the sum of $55.67. The case now comes before the court upon motion for judgment *n. o. v.* The evidence, upon trial, clearly established negligence on the part of the defendant, and the only substantial question remaining for the court to dispose of is whether the plaintiff was himself, at the time of the collision, guilty of contributory negligence.

Where two vehicles approach each other at an intersection of streets, where their paths must necessarily cross, the vehicle first at the crossing had, at common law, the right of way: McClung v. Pennsylvania Taximeter Cab Co., 252 Pa. 478; Simon v. Lit Bros., Inc., 264 Pa. 121. This rule of the road

2 D. & C.

resulted in many collisions and was changed by statutory enactment. Section 25 of the Act of June 30, 1919, P. L. 678, provided that "when two vehicles approach the intersection of two public highways at the same time the vehicle approaching from the right shall have the right of way." This section means simply that "where the paths of two approaching vehicles cross at intersections of the public streets, the driver on the left must give way, unless so far in advance of the other as to afford reasonable time to clear the crossing and thus, in all probability, avoid a collision:" Weber v. Greenebaum, 270 Pa. 382, 385. According to the uncontroverted testimony of the plaintiff, his automobile collided with defendant's motorcycle just as he was starting to turn on to the Pittsburgh Road, and in such a way that it was virtually a head-on collision. They arrived at the point of intersection of these two roads at substantially the same time. Moreover, section 25 of said Act of 1919 also provided that "at the intersection of public highways the operator of a motor-vehicle . . . shall pass to the right of such intersection before turning to the left." The plaintiff, however, according to the testimony of his own witnesses, before he had reached the intersection of the centre lines of these two intersecting streets, turned to the left, so that he was, at the time of the collision, close to the left curb-line of the Pittsburgh Road. Had plaintiff continued on Main Street until he had passed the intersection of the centre lines of these two streets before turning to the left, which the defendant had a right to assume that he would do (Bell v. Jacobs, 261 Pa. 204; Brown v. Lynn, 31 Pa. 510; Reeves v. D., L. & W. R. R. Co., 30 Pa. 454), it is clear that defendant would have first reached the point where their paths of travel, under the statutory law of the road, would have crossed each other. Hence, the defendant, driving his motorcycle on the right, had the right of way, and plaintiff, approaching from the left, in attempting to cross in front of defendant's motorcycle, was guilty of contributory negligence, and, therefore, not entitled to recover.

### Decree.

And now, April 10, 1922, the above stated case came on to be heard upon motion for judgment *n. o. v.*, and was argued; whereupon, upon consideration thereof and for the reasons set forth in the foregoing opinion, it is ordered, adjudged and decreed that judgment be entered against the plaintiff and in favor of the defendant, notwithstanding the verdict.

From Harry D. Hamilton, Washington, Pa.