**SOUTHLAND GREYHOUND LINES, Inc., v. RAILROAD COMMISSION OF TEXAS et al.**

No. 7922.

Court of Civil Appeals of Texas. Austin.
Dec. 13, 1933.

Rehearing Denied July 2, 1934.

Sylvan Lang, Morris Wise, and Leslie Byrd, all of San Antonio, for appellant.

James V. Allred, Atty. Gen., and T. S. Christopher, Asst. Atty. Gen., for appellee Railroad Commission.

Hornsby & Hornsby, of Austin, for appellee Randolph Field Transp. Co.

BLAIR, Justice.

This litigation arose as an appeal by appellant, Southland Greyhound Lines, Inc., from an order of the Railroad Commission granting the application filed by Ben Mindes, as sole owner of appellee Randolph Field Transportation Company, for a certificate of convenience and necessity to operate a motorbus line over Highways Nos. 3 and 3–A, from Randolph Field to the city of San Antonio, a distance of about seventeen miles. The certificate was granted after notice to appellant and a hearing before the Railroad Commission, at which appellant appeared and filed its written protest. Appellant has appealed under the provisions of section 17 of chapter 270, Acts of the 40th Legislature, p. 399 (Vernon's Ann. Civ. St. art. 911a, § 17), alleging that the order granting appellee's permit was unreasonable and unjust as to it for a number of reasons.

On a trial to the court without a jury the court found that the Railroad Commission had acted within its statutory and discretionary powers, and had granted the permit upon substantial evidence showing the existence of a public convenience and necessity for the bus line.

Appellant presents numerous assignments as propositions, but briefs only a few of them. None of them should be sustained, and we shall discuss only those deemed material.

Appellant contends that the application of appellee for the permits was insufficient, because it failed to allege facts showing any inadequacy of the existing transportation facilities and services furnished by appellant, and did not specify wherein the additional services proposed to be rendered by appellee were necessary.

■■■ The original application for the permit was made on the form prescribed by the commission. It showed that appellant was operating a bus line from San Antonio to Houston passing by or through Randolph Field, and showed the schedules of appellant between San Antonio and Randolph Field. Attached to the application were maps and plats describing the existing conditions. There was also attached to the application a written contract between the War Department and appellee Randolph Field Transportation Company, which defined and provided for the particular character of bus services desired by the War Department for Randolph

Field; and by supplemental application it was alleged that the bus services required by the authorities of Randolph Field were distinctly different and unique; and that any and all operations giving the advantages provided for in the contract of going into and out of Randolph Field, to pick up and discharge passengers, were by special permission of the said Randolph Field authorities, who had expressed a preference and special desire for appellee to render the services. These pleadings sufficiently set forth the inadequacy of the existing transportation facilities of appellant, and specify the necessity for the proposed additional services to be rendered by appellee; and especially are they deemed sufficient when viewed in the light of the statutes providing what an application shall contain, and the rule that pleadings before an administrative body such as the Railroad Commission are not required to conform to the same strictness of pleading as before a court; but that as before a court every reasonable intendment will be indulged in favor of the pleading as against a general demurrer, which is the effect of the complaints filed by appellant. Section 8, c. 270, p. 399, Acts 40th Leg., Regular Session (Vernon's Ann. Civ. St. art. 911a, § 8); Hovencamp v. Union Stock Yards, 107 Tex. 421, 180 S. W. 225; Comer v. Brown (Tex. Com. App.) 285 S. W. 307; Vol. 49 Corpus Juris, p. 107, § 106b.

Appellant attacks the conclusion of the trial court that the order granting the permit of appellee was not an unreasonable and unjust exercise of the discretion and powers of the Railroad Commission, contending that the undisputed evidence, or at least the great preponderance of the evidence, showed appellant was rendering adequate facilities and services as the existing motorbus operator over the highways in question, and was ready, able, and willing to render such additional services as were needed or desired for Randolph Field, at reasonable fares, if it had been requested or given the opportunity; and that there was no substantial evidence before the Railroad Commission upon which to base its order granting appellee's permit.

The undisputed evidence showed that after the completion and occupancy of Randolph Field by the War Department, additional bus services between it and San Antonio were necessary. That appellant was the owner of certificates of convenience and necessity to operate motorbuses between the cities of San Antonio and Houston over Highways 3 and 3–A, which passed by or through the newly constructed Randolph Field, and had so oper-

ated buses for several years prior to the completion and occupancy of said Randolph Field. That shortly after the establishment of Randolph Field its population became 3,000, consisting of enlisted men and officers and their families, and others connected directly or indirectly with the aviation service. That the War Department desired to grant certain concessions for the convenience of its enlisted men and officers at Randolph Field, including bus services, and appointed a concessions board to make investigations and to make recommendations in the premises. Appellant contacted members of the board and offered to establish additional bus services, and submitted in writing its tentative or proposed bus schedules and rates or fares. Appellee likewise submitted proposed schedules and rates or fares. A comparison of the two proposals revealed that appellee's proposed services were better adapted to the needs of Randolph Field and provided for lower rates or fares. The concessions board recommended that appellee's proposal be accepted; and the contract attached to appellee's application for the permit was entered into between appellee and the War Department. A comparison of the bus services provided by the contract with those proposed by appellant reveals that they are better adapted to the needs of Randolph Field, as follows: (a) Appellee's services offered better schedules as to hours of operation; (b) more schedules; (c) appellee's services were not burdened with transporting the general traveling public between San Antonio and Houston, thereby rendering practically exclusive services for the personnel of Randolph Field; (d) appellee's contract gave it the exclusive right to enter into the post or private government property for the purpose of picking up and discharging passengers, and appellee was required to post schedules and provide for sale of tickets at the Army Y. M. C. A. under the terms of his contract, and these privileges and services were shown to be much more convenient for the personnel of Randolph Field than the proposed services of appellant, which required them to go off the government post or property, and to board and leave buses on the public highway passing by or through a portion of Randolph Field; (e) appellee's rates or fares were lower; and (f) appellee unconditionally contracted to furnish a school bus for transporting the children of the enlisted men and officers to and from school in San Antonio.

Appellant proposed to handle at least a part of the traffic on its regular schedules between San Antonio and Houston, which was unsatisfactory to the Randolph Field authorities: (a) Because the hours of the schedules were ill adapted to the needs of the enlisted men and officers; (b) because appellant would not make any satisfactory arrangements as to reserving seats for the enlisted men and officers, and could not know when the regular traveling public, particularly on buses from Houston to San Antonio, would use all available seats; (c) because delays would necessarily arise with regard to buses out of Houston to San Antonio, thereby causing irregular and delayed schedules from Randolph Field to San Antonio.

■■ The foregoing facts sufficiently sustain the conclusion of the trial court that the Railroad Commission's order granting appellee's permit was not unreasonable and unjust as to appellant, and that the order was based upon substantial evidence showing a public convenience and necessity for appellee's proposed operations. Especially is this true when the facts detailed are viewed in the light of the statutes authorizing appeals from unjust and unreasonable orders of the commission, and the established rule that in determining whether the public necessity demands, or the public convenience will be promoted by proposed bus services, the commission exercises its power and authority merely as an arm of the Legislature and as an administrative body, and that courts will not interfere with or review the administrative acts or orders of the commission further than is necessary to keep it within the statutory duties, and to require that its orders shall be based upon substantial evidence. Section 17, Acts 40th Leg., 1927, Regular Session, p. 399, c. 270 (Vernon's Ann. Civ. St. art. 911a, § 17); Railroad Commission v. Galveston Chamber of Commerce, 105 Tex. 101, 145 S. W. 573; Railroad Commission v. Shupee (Tex. Civ. App.) 57 S.W.(2d) 295; Railroad Commission v. T. M. Winkle (Tex. Civ. App.) 57 S.W.(2d) 285; Bradley v. Public Utilities Commission of Ohio, 289 U. S. 92, 53 S. Ct. 577, 77 L. Ed. 1053, 85 A. L. R. 1131.

By several assignments appellant complains of both the admission and the refusal to admit certain evidence. Our foregoing findings of fact sufficiently sustain the order of the commission granting the permit and the action of the trial court on the appeal. We therefore pretermit a discussion of these assignments except to say that they do not present error.

By its remaining assignments appellant seems to contend that the order complained of was unreasonable and unjust, because it was

the intention of the motorbus law to require the Railroad Commission to give appellant first right as the existing operator to render the additional bus services required by Randolph Field; and because said law required the commission to protect appellant as the existing operator and especially as one not then receiving a reasonable return on its investment, and with idle buses capable of rendering the additional services demanded, from the detrimental competition offered by appellee over a portion of the same route covered by the certificate of convenience and necessity previously granted by the commission to appellant.

The evidence showed that while appellant may have been able to render the additional services, it was neither ready nor willing to do so. At least appellant was given the opportunity by the Randolph Field authorities to propose schedules and rates; but it only proposed tentative and unsatisfactory schedules and rates. As a competitor for the additional services, appellee proposed schedules better adapted to the needs of Randolph Field and lower as to rates or fares; and proposed to operate a school bus, which appellant did not propose to do unless there should be such a number of school children as would be satisfactory to appellant. In determining the adequacy of the additional services demanded by Randolph Field, the Railroad Commission was also authorized to consider the fact that the War Department had investigated and selected appellee and had by contract clearly defined and prescribed the character of services desired, with special privileges granted appellee to enter on government property in order that he might better serve the traffic.

If it be the contention of appellant that as prior operator of a bus line over the same highways, it had the right to a monopoly, or that it is entitled to be protected against all competition, then that contention is not sustained.

In the recent case of Texas Motor Coaches v. Railroad Commission, 41 S.W.(2d) 1074, 1075, this court held that a prior operator had no right to a monopoly under the motorbus statutes; and that an operator of a motorbus line was not entitled to be protected against competition, if public convenience and necessity authorized the commission to permit a competitor to operate between the same termini or over the same or parallel routes. Acts 40th Leg., Regular Session, c.

270, p. 399 (see Vernon's Ann. Civ. St. art. 911a); section 26 of Bill of Rights, art. 1, Constitution of Texas; City of Brenham v. Brenham Water Co., 67 Tex. 542, 4 S. W. 143; Altgelt v. City of San Antonio, 81 Tex. 436, 17 S. W. 75, 13 L. R. A. 383; Mayor of Houston v. Houston Street Ry. Co., 83 Tex. 548, 19 S. W. 127, 29 Am. St. Rep. 679; Ennis Water Works v. City of Ennis, 105 Tex. 63, 144 S. W. 930; Id. (Tex. Civ. App.) 136 S. W. 513; Texas Motor Coaches, Inc., v. Railroad Commission of Texas (Tex. Civ. App.) 41 S.W. (2d) 1074; Templeton v. City of Wellington (Tex. Civ. App.) 207 S. W. 186; State Constitution, § 5, art. 10.

The judgment of the trial court will be affirmed.

Affirmed.