## Stouffer v. PennDOT

*Michael E. Kosik*, for plaintiffs.
*Jessie L. Smith*, for defendant PennDOT.
*John N. Keller*, for defendant Beverly L. Neuder.

KAYE. *J.*, April 13, 1988 — On January 18, 1985, plaintiff, Christine E. Stouffer, was driving a car which struck a utility pole. Her son, plaintiff Jason Stouffer, age four and one-half years, was a rear seat passenger in the vehicle at the time of the collision. Subsequent thereto, the instant action was filed.

In the course of the taking of the deposition of plaintiff, Christine E. Stouffer, it was determined that the front seat belts had been removed from the vehicle involved in the collision, and that plaintiff, Jason Stouffer, was not restrained by seat belts or in a child's safety seat. Thereafter, defendant, Beverly L. Neuder, filed a petition for leave to amend her new matter to include that non-use (or non-provision) of seat belts by way of defense on the claim. Plaintiffs filed an answer to the petition in which

they assert a number of reasons why they believe the relief sought should be denied.

These matters were placed on the argument list, and the court now has before it the briefs of plaintiffs and of defendant Neuder, and has heard the oral argument of counsel representing those parties. The foregoing has been supplemented by correspondence from counsel citing late-arriving authority for their respective positions. Additionally, defendant, Commonwealth of Pennsylvania, has submitted a letter which we received on March 31, 1988 which responded to plaintiffs' post-argument submission.

The parties make a number of arguments in support of their positions:

(1) Plaintiffs allege that no amendment should be permitted as the non-use of seat belts could have been discovered previously by defendants and an amendment will be prejudicial to plaintiffs.

(2) Plaintiffs allege that 75 P.S. §4581, as amended November 23, 1987, bars the use of the "seat belt defense."

(3) Defendants allege that non-use of seat belts constitutes negligence and "a basis for reduction of any damages to which plaintiff may be entitled to the extent that such damages were caused by plaintiff's non-utilization of a seat belt."

As of this date, no Pennsylvania appellate court cases have decided squarely the issues presented herein. A number of appellate court cases have skirted the issue, while not resolving it. In *Parise v. Fehnel*, 267 Pa. Super. 79, 406 A.2d 345 (1979), the Superior Court upheld the trial court's refusal to give a jury instruction on the non-use of seat belts by plaintiff as there was no evidence of a causal connection between the non-use and the injuries sustained. In dictum, the court added:

"Our decision today should not be seen as foreclosing the possibility of a so-called 'seat belt defense' in future cases. . . . In *Barry v. Coca Cola Co.*, the New Jersey Superior Court said that it might have allowed the defendant a seat belt defense if he had introduced expert testimony showing a relationship between the plaintiff's injuries and his failure to use seat belts. That is our position." *Id.* at 82-3; 406 A.2d at 347.

In *McKee v. Southeast Delco School District*, 354 Pa. Super. 433, 512 A.2d 28 (1986), the minor plaintiff was injured when a school bus driver had to stop suddenly to avoid a collision, throwing plaintiff forward in her seat. The Superior Court found that evidence of the failure of the bus driver to assure that the passengers utilized seat belts, as he had been instructed to do by the school district authorities, should have been heard by the jury. Such evidence, said the Superior Court, could have been found by the jury to be a breach of the bus operator's duty to protect the children from injury. We note, however, that the "duty" referred to herein, appears to arise from the express instructions given to the school bus driver by the school district, the benefit of which inured to the young occupants of the bus, so we think this holding is not particularly helpful in the analysis of the instant case.

An earlier case decided in the federal courts, but applying Pennsylvania law, disallowed the use of the seat belt defense, *Pritts v. Walter Lowrey Trucking Co.*, 400 F. Supp. 867 (W.D. Pa. 1975).

The courts of common pleas in Pennsylvania are divided on this issue. In *Turner v. Scaife*, 17 Lycoming Rep. 60 (1987), the court refused to disallow as a matter of law the seat belt defense, holding, inter alia, "The seat-belt issue is a question of

contributory negligence and not a question of mitigation of damages."

The Court of Common Pleas of Allegheny County adopted the following language in its decision in *Reisdorf v. Walker*, 128 P.L.J. 315, 317 (1980):

"The fact that plaintiff failed to use the seat belts, had nothing to do with the happening of the accident, or that he suffered some degree of injuries prescinding, for the moment, from their extent. The failure to use seat belts was not a proximate cause or substantial factor in producing an accident from which some injuries flowed or occurred."

"Therefore, the court holds that the failure to use seat belts does not constitute a defense sufficient to bar a recovery to plaintiff or absolve defendant from liability." *Reisdorf, supra,* citing *Barry v. Coca Cola Company*, 99 N.J. Super. 270, 239 A.2d 273 (1967).

That court went on to hold that a failure to utilize seat belts goes to the question of damages, not liability. In *Bauknecht v. Mieczkowski*, (no. 180 July 1986, C.P. Berks County) the Berks County Court of Common Pleas sustained a demurrer to the seat belt defense. In *Gaerttner v. Saloum*, 70 Erie Leg.J. 65 (1987), the seat belt defense was allowed in evidence. In *Walters v. Walters et al.*, 20 Crawford Leg.J. 174 (1987), and *Petruolo v. Marberger*, 20 Crawford Leg.J. 208 (1987), the court took an intermediate position by holding that it would be premature to rule on the issue on preliminary objections.

Another analysis of this issue exists in *Beerley v. Hamilton*, 17 D.&C. 3d 732 (1980) in which the court allowed the defense in a factual setting in which there was evidence that, following the initial impact, the operator of a vehicle was thrown about the interior of the vehicle due to non-seat-belt use, and this resulted in a loss of control and a second impact. The decision goes on to note that, national-

ly, non-seat-belt use is permitted in evidence only if that non-use is related to accident causation. Citing 2 Meyer, Law of Vehicle Negligence in Pennsylvania §23.80, Judge Wright notes that permitting a jury to consider non-seat belt usage except when causally related to the collision flies in the face of the established tort principle that one need not anticipate the negligence of another.

It is our view that in the absence of a legislative enactment to the contrary, the courts should reject the "seat belt defense." There are a number of reasons for our belief that this is the appropriate resolution.

First, we believe that the public should have the opportunity of knowing in advance what their legal duties are. Legislative enactments would provide the public with fair notice of the potential legal implications of their failure to employ specific safety devices, while judicial decisions post facto do not.

Secondly, we must consider the legal grounds on which finding a common law basis for an affirmative obligation such as wearing seat belts must lie. The case law in Pennsylvania is widely divided on this point, as noted above.

There is the question of whether a failure to wear seat belts may constitute negligence. As noted by the court in *Pritts v. Walter Lawrey Trucking Co., supra*, while numerous cases dealing with the issue of contributory negligence state that such negligence is "found in the affirmative question, does the negligence contribute in any degree to the production of the *injury* complained of?" *Pritts, supra,* citing *Creed v. Pennsylvania R.R.*, 86 Pa. 139 (1878) (emphasis supplied), it appears that the reference to "injury" is in reality to *causation* of the incident, not in contribution to physical injury. See e.g., *McClure v. Pennsylvania Taximeter Co.*, 252 Pa. 478, 97 Atl.

694 (1916), *Hull v. Bowers*, 273 Pa. 429, 117 Atl. 189 (1922). Non-use of seat belts thus more accurately ought to be characterized as a condition, rather than as a factor in causing the impact which brings about the injury. Thus, it is not accurately characterized as "contributory negligence."

Similarly, we think that the seat belt defense is not admissible on a mitigation of damage theory. The duty to mitigate damages does not arise until the tortious act has taken place, *Downs v. Scott*, 201 Pa. Super. 278, 191 A.2d 908 (1963), and that duty in a Pennsylvania personal injury case has been held to relate to the obligation to seek treatment of the injury, *Hilscher v. Ickinger*, 194 Pa. Super. 237, 166 A.2d 678 (1961), aff'd on opinion below 403 Pa. 596, 170 A.2d 595 (1961), so a failure to use a seat belt *prior* to the impact that occurred in this case should not be admissible on a mitigation of damages theory. *Turner v. Scaife, supra*, 17 Lycoming Rep. at 63.

While we recognize that there is considerable research indicating that seat belts do reduce injuries and save lives, we think that a policy statement on the impact of failure to utilize seat belts will have on civil law suits should come from the general assembly, which has recently provided at 75 P.S. §4581 that non-seat-belt use may not be used in a civil proceeding. While the collision herein pre-dates that legislation, we note that Judge Robert L. Walker of Crawford County has pointed out in *Petruolo v. Marberger, supra* at 209:

"It would be somewhat ironic if the failure to use a seat belt at a time when [as in the instant case] there was no mandatory seat belt legislation, could be used against the occupant of the car in civil litigation, but after the passage of mandatory seat belt legislation, it could not be used."

For the reasons set forth herein, we will deny defendant's petition to amend. Due to this disposition, it is unnecessary to consider the other issues raised.

## ORDER OF COURT

Now, April 13, 1988, the motion of defendant, Beverly L. Neuder, for leave to amend her new matter is denied.

## SUPPLEMENTAL OPINION

KAYE, *J.*, May 13, 1988 — We have now received defendant's "statement of matters complained of on appeal" dated May 10, 1988 and write this brief supplemental opinion in support of the appealed-from order.

The order appealed from was dated April 13 1988, and we were not then aware of the Superior Court's decision dated April 8, 1988 in *Grim v. Betz*, 372 Pa. Super. 614, 539 A.2d 1365 (1988). That decision is directly on point with the instant case, and holds that Act 82 of 1987 bars the non-use of a seat belt system as a defense in a civil proceeding. The *Grim* decision dealt with an incident which antedated Act 82, so defendant's argument that the act has prospective application only appears to be without merit.

We also emphasize that the language cited both by defendant and the Superior Court in *Grim, supra,* from *Parise v. Fehnel,* 267 Pa. Super. 79, 406 A.2d 345 (1979) as noted in our previous opinion, was so qualified that we do not think it can be cited as supporting the existence of a common-law seat belt defense in the commonwealth.*

---

*The actual language is, inter alia:

"In *Barry v. Coca Cola Co.*, 99 N.J. Super. 270, 239 A.2d 273 (1967), the New Jersey Superior Court said that it *might* have allowed the defendant a seat belt defense if he had intro-

We believe that the Superior Court's decision in *Grim, supra,* compels the result in this court's order of April 13, 1988, and for that reason the order ought to be affirmed.

---

duced expert testimony showing a relationship between the plaintiff's injuries and his failure to use seat belts. That is our position." 267 Pa. Super. at 83, 406 A.2d at 347. (emphasis supplied)

Presumably, the choice of the qualified term "might" rather than the unequivocal term "would" was purposeful. Unfortunately, the effect also is to leave the issue unresolved.