406 A.2d 345

**Frank N. PARISE and Tiny Jo Parise, his wife**

v.

**Goldie S. FEHNEL, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 13, 1978.

Decided June 15, 1979.

</div>

---

1. We need not pass upon this question in view of our disposition.

80

Robert E. Simpson, Jr., Easton, for appellant.

Thomas L. Walters, Easton, for appellees.

Before CERCONE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order denying motions for judgment n. o. v. and new trial. A jury awarded damages to appellees in their negligence action against appellant. The sole issue before us is whether the lower court erred in not granting appellant's request that it charge the jury that:

> If you find as a fact that the car operated by the Plaintiff, Tiny Jo Parise, was equipped with a seat belt system and that the Plaintiff, Tiny Jo Parise, failed to use the seat belts at the time of the accident, you may use this fact of a failure to use the seat belt as evidence of contributory negligence on the issue of damages only, if you also find as a fact that there was competent testimony showing a causal connection between the nonuse of the seat belt and the injuries.

Record at 19a–20a.

Mrs. Parise testified that her car was equipped with lap seat belts, but that she was not wearing them at the time the accident occurred. Record at 81a. She testified that when her car collided with appellant's car, she was thrown forward, her chest hitting the steering wheel and her knees going into and under the dashboard, Record at 81a, and that when she regained consciousness, she was lying on the steering wheel, face down, Record at 39a. Mrs. Parise was taken to the hospital, where she noticed bruises on her chest around her ribs; she attributed these to having hit the steering wheel. Record at 44a. She testified that since the accident she has had continuous problems with her legs and lower back. Record at 65a. Dr. Evan C. Reese, an orthopedic surgeon, testified that he had treated Mrs. Parise for an injury to her left knee, which he regarded as consistent with the history she had given him of being hurt in the accident. Record at 142a–145a.

The lower court, sitting en banc, upheld the trial judge's refusal to give the requested instruction by stating that "no causal connection between the non-use of the seat belts and [Mrs. Parise's] injuries has been demonstrated in this case." Record at 221a.

It is axiomatic that "a trial judge should not instruct a jury to find a material fact in the absence of evidence to support the finding." *Heffernan v. Rosser,* 419 Pa. 550, 215 A.2d 655 (1966); *see also Downing v. Shaffer,* 246 Pa.Super. 512, 371 A.2d 953 (1977). "To submit a fact, destitute of evidence, as one that may, nevertheless, be found, is an encouragement to err which cannot be too closely observed or unsparingly corrected." *Marlowe v. Travelers Ins. Co.,* 313 Pa. 430, 433, 169 A. 100, 101 (1933). In the case before us, to have granted appellant's requested point for charge would have been an invitation to the jury to engage in "pure speculation on a very material point," *Stegmuller v. Davis,* 408 Pa. 267, 271, 182 A.2d 745, 747 (1962), for there was no direct evidence that Mrs. Parise's injuries would have been lessened had her lap seat belt been fastened.

Appellant argues that "it is within the realm of common knowledge that seat belts restrain sudden forward motion," and that "[t]his being true," the jury should have been allowed to infer "that had such restraint been used in the present case, the force with which Mrs. Parise struck the wheel and dashboard would have been reduced or eliminated, thereby reducing the extent of her knee and chest injuries altogether." Appellant's Brief at 8–9. We are not persuaded by this argument. As appellant acknowledges, "of course, it is true that the jury could have inferred that the use of a seat belt would not have restrained Mrs. Parise's forward motion and accordingly could have concluded Mrs. Parise's nonuse of restraint had no effect on her knee and chest injuries." Appellant's Brief at 9. In *Spier v. Barker,* 35 N.Y.2d 444, 363 N.Y.S.2d 916, 323 N.E.2d 164 (1974), the case on which appellant relied in formulating the requested point for charge, the defendant proved by the testimony of a professor of mechanical and aerospace engineering that had the plaintiff been wearing her seat belt she would not have been ejected from her automobile and, consequently, would not have been seriously injured. *See also Brenner v. Interstate Container Corp.,* 73 F.R.D. 502 (E.D.Pa.1977); *Pritts v. Walter Lowery Trucking Co.,* 400 F.Supp. 867 (W.D.Pa. 1975).

Our decision today should not be seen as foreclosing the possibility of a so-called "seat belt defense" in future cases. There is a split of authority as to the seat belt defense. Illinois, New York, and Wisconsin recognize the rule that the plaintiff's failure to wear seat belts may, on proper proof, result in a finding that the plaintiff failed to mitigate damages. *See Dudanas v. Plate,* 44 Ill.App.3d 901, 3 Ill.Dec. 486, 358 N.E.2d 1171 (1976); *Spier v. Barker, supra; Bentzler v. Braun,* 34 Wis.2d 362, 149 N.W.2d 626 (1967); *cf. Sams v. Sams,* 247 S.C. 467, 148 S.E.2d 154 (1966) (defendant should be allowed to prove at trial that plaintiff's failure to wear seat belts amounted to failure to use reasonable care and that this failure was a contributing, proximate cause of plaintiff's injuries). Several states reject any version of the

seat belt defense. *See Britton v. Doehring*, 286 Ala. 498, 242 So.2d 666 (1970); *Moore v. Fischer*, 31 Colo.App. 425, 505 P.2d 383 (1972), *affirmed*, 183 Colo. 392, 517 P.2d 458 (1973); *Lipscomb v. Diamiani*, 226 A.2d 914 (Del.Superior Ct., 1967); *Hampton v. State Highway Commission*, 209 Kan. 565, 498 P.2d 236 (1972); *Miller v. Miller*, 273 N.C. 228, 160 S.E.2d 65 (1968); *Derheim v. N. Florito Co.*, 80 Wash.2d 161, 492 P.2d 1030 (1972). Still other states have not committed themselves, indicating that they may adopt some version of the defense if presented with a suitable case. In *Barry v. Coca Cola Co.*, 99 N.J.Super. 270, 239 A.2d 273 (1967), the New Jersey Superior Court said that it might have allowed the defendant a seat belt defense if he had introduced expert testimony showing a relationship between the plaintiff's injuries and his failure to use seat belts. *See also Kavanaugh v. Butorac*, 140 Ind.App. 139, 221 N.E.2d 824 (1966). That is our position. *And see Kircher, Symposium: The Seat Belt Defense in Practice*, 53 *Marq.L.Rev.* 172 (1970); *Bowman, Practical Defense Problems—The Trial Lawyer's View*, 53 *Marq.L.Rev.* 191 (1970).

Affirmed.