512 A.2d 28

**Howard S. McKEE and Margaret D. McKee, Individually and as Parents and Natural Guardians of Cheryl Ann McKee, a minor,**

v.

**SOUTHEAST DELCO SCHOOL DISTRICT and Alfred B. Thomas, Inc., Individually and t/a Panda Van Lines, and Delaware County Intermediate Unit # 25.**

**Appeal of ALFRED B. THOMAS, INC., Individually and t/a Panda Van Lines.**

Superior Court of Pennsylvania.

Argued April 9, 1986.

Filed July 11, 1986.

434

Walter J. Timby, Philadelphia, for appellant.

Robert E. Slota, Bryn Mawr, for appellees.

Before CIRILLO, President Judge, and ROWLEY and WIEAND, JJ.

WIEAND, Judge:

In this action to recover damages for personal injuries sustained by a six year old child who was thrown from her seat when the school van in which she was riding stopped suddenly, the trial court set aside a defense verdict and granted a new trial because it had excluded evidence that the operator of the van failed to use available seat belts to restrain the child. From the order granting a new trial, the owner of the school van has appealed. We affirm.

On October 4, 1978, six year old Cheryl Ann McKee was a passenger in a school van owned by Alfred B. Thomas, Inc. Cheryl was seated in the center of the row of seats behind the driver, so that she was situated to the rear of the console located aside of the driver's seat. While en route to the Harris Elementary School in Media, Delaware County, the driver of the van was forced to stop suddenly in order to avoid collision with a vehicle which had pulled out in front of the van. When the van came to a stop, Cheryl was lying on the floor, near the console, with injuries to her mouth and jaw.

Cheryl's parents brought an action against the owner of the van in their own right and on behalf of their daughter to recover for the injuries which Cheryl had sustained.[1] A jury trial resulted in a verdict in favor of the defendant. The trial court granted a motion for new trial because it concluded that error had occurred when evidence was excluded that available seat belts had not been used to restrain Cheryl.

Most decisions involving the admissibility of evidence regarding the non-use of available seat belts have been cases in which the evidence was being offered to show contributory negligence of an injured plaintiff. A majority of the courts considering this issue have held that a plaintiff's non-use of an available seat belt is not admissible for the purpose of showing that the plaintiff was guilty of contributory negligence or for the purpose of mitigating damages. See generally: Annot., 92 A.L.R.3d 9 (1979); Annot., 80 A.L.R.3d 1033 (1977). These courts have generally held that, absent a statutory mandate, a person does not have a duty to use a seat belt. See: 92 A.L.R.3d at § 3[b]; 80 A.L.R.3d at § 4; *Clarkson v. Wright*, 108 Ill.2d 129, 90 Ill.Dec. 950, 483 N.E.2d 268 (1985). Other courts, however, have held that a failure to use an available seat belt, depending upon the circumstances and evidence

1. The original action also named as defendants the Southeast Delco School District and the Delaware County Intermediate Unit # 25, but the action was subsequently dismissed against these defendants, and they are not involved in the present appeal.

presented, may be received as evidence of contributory negligence. These courts, at least implicitly, have held that there is a duty to wear an available seat belt even in the absence of statutory mandate. See: 92 A.L.R.3d at § 5; 80 A.L.R.3d at § 3; *Bentzler v. Braun*, 34 Wis.2d 362, 149 N.W.2d 626 (1967); *Spier v. Barker*, 35 N.Y.2d 444, 363 N.Y.S.2d 916, 323 N.E.2d 164 (1974).

This issue and the division of authority were recognized by the Superior Court in *Parise v. Fehnel*, 267 Pa.Super. 79, 406 A.2d 345 (1979). Because a resolution of the issue was not essential to the decision, however, the Court expressly cautioned, "[o]ur decision today should not be seen as foreclosing the possibility of a so-called seat belt defense in future cases." *Id.*, 267 Pa.Superior Ct. at 82, 406 A.2d at 347. In *Parise*, the plaintiff had been injured when, as a result of a collision, she was thrown forward in such a manner that her chest hit the steering wheel and her knees hit the dashboard. The evidence was that she had failed to use an available seat belt. The defendant requested a jury instruction that a failure to use the seat belt could be considered in determining the amount of damages which he should be required to pay. The trial court refused the requested instruction because the defendant had failed to offer medical or other evidence to show in what manner the plaintiff's injuries would have been lessened if the available restraint had been used. The Superior Court affirmed, holding that in the absence of such evidence, "to have granted [the defendant's] requested point for charge would have been an invitation to the jury to engage in 'pure speculation on a very material point.'" *Id.*, 267 Pa.Superior Ct. at 81, 406 A.2d at 346.

■ Under the facts of the instant case, a jury could have found that the operator of the school van had a duty to restrain Cheryl and other children in the van by using available seat belts. The plaintiff-appellees offered to show that the school district had instructed the defendant-appellant that children riding in its vans were to be restrained by seat belts. They also offered to show that appellant had

caused instructions to be given to its drivers that seat belts were to be utilized. Moreover, it is by now common knowledge that seat belts are an effective safeguard against injury to occupants of motor vehicles. A failure to restrain the children who were passengers in the school van, therefore, could have been found by the jury to be a breach of the operator's duty to exercise care to protect the children from injury. We agree with the trial judge that it was error to disallow evidence of this very significant circumstance.

■ Appellant argues, however, that the evidence was properly excluded because the plaintiff-appellees failed to show by medical testimony that the absence of restraint had contributed causally to Cheryl's injuries. We disagree. Here, there was no collision; the school van fortunately was brought to a stop without striking the car which had pulled out in front of it. The plaintiffs' contention at trial, therefore, was not that Cheryl's injuries had been exacerbated by the failure to use restraints but that they had been caused in toto by such failure. Plaintiffs contended that it had been the failure to use available seat belts which had caused Cheryl to be hurled from her seat into the console, with resulting injuries. Under these circumstances, the admissibility of evidence that available seat belts had not been used was not impaired by the absence of expert testimony regarding the effect of such failure on the minor plaintiff's injuries. Contrary to the argument advanced by appellant, the decision in *Parise v. Fehnel, supra,* does not hold otherwise. Expert testimony, under the facts of the case sub judice, was not essential to the cause of action advanced by the plaintiff-appellants that their daughter had been injured because she had not been properly restrained. See: *McNeil v. Yellow Cab Co.,* 85 Cal.App.3d 116, 147 Cal.Rptr. 733 (1978) (expert testimony not essential to prove that plaintiff's injuries were caused by non-use of seat belts where plaintiff passenger had been seated in rear sitting in the seat of taxi and had been thrown forward and injured when taxi was involved in collision). See also: *Reardon v.*

*Meehan,* 424 Pa. 460, 227 A.2d 667 (1967) (no need for expert testimony if jury is capable of comprehending the facts and drawing correct conclusions from them); *Burns v. City of Philadelphia,* 350 Pa.Super. 615, 504 A.2d 1321 (1986) (same); *Kubit v. Russ,* 287 Pa.Super. 28, 429 A.2d 703 (1981) (same); *Lebesco v. Southeastern Pennsylvania Transportation Authority,* 251 Pa.Super. 415, 380 A.2d 848 (1977) (same).

The order granting a new trial is affirmed.