## Ardjewski v. Dougherty

*John Patrick Lydon*, for plaintiffs.
*James Nardelli*, for plaintiffs.
*Lee A. Montgomery*, for defendants.

RAUSCHENBERGER, *P.J.*, August 8, 1986 — This matter is before the court on plaintiffs' preliminary objections to defendant's new matter. This action arose out of an automobile accident which occurred between the parties on April 27, 1985, in Butler County, Pa. Plaintiffs in their complaint have alleged that they were passengers in an automobile which collided with a motor vehicle driven by defendant. Plaintiffs also allege that defendant operated his vehicle in such a reckless, careless and negligent manner so as to cause the accident. Finally, plaintiffs allege that as a result of this collision they were thrown in and about the automobile and sustained certain injuries and damages.

Defendant in his answer denies the allegations of plaintiffs' complaint and raises two issues under new matter. Paragraph 10 of defendant's new matter states that ". . . plaintiffs were guilty of contributory negligence and/or assumption of risk by riding in a vehicle without first securing themselves with seat belts and/or harnesses when the vehicle was equipped with such safety equipment." Paragraph 11 of defendant's new matter states that ". . . if plaintiffs had used the seat belts and/or harnesses that were available they would not have received the injuries sustained in this accident. Therefore, the failure to wear the seat belts and/or harnesses constitutes a failure on the part of the plaintiffs to mitigate damages."

Plaintiffs have filed preliminary objections to defendant's new matter and have requested this court to strike paragraphs 10 and 11 of defendant's new matter. With respect to paragraph 10 plaintiffs have

argued that nonuse of a seat belt in no way contributes to an accident nor is it a deliberate participation in a known peril and therefore does not constitute negligence nor assumption of a known risk. With respect to paragraph 11, plaintiffs' preliminary objections argue: (1) that the duty to mitigate damages only applies to post-accident conduct, (2) that plaintiffs' failure to wear seat belts is not a foreseeable cause of injuries and is inconsistent with established tort law that defendant takes plaintiff as he finds him, (3) that failure to use a seat belt is superseded by the negligence of defendant which is a superseding and intervening cause of the harm suffered by plaintiffs, and (4) that public policy does not provide that a plaintiff will be penalized for failing to anticipate that defendant would be negligent.

The question of whether a defendant in an automobile personal injury action may raise plaintiff's failure to wear a seat belt has been considered by the appellate courts of many states. Almost all of these courts have held that plaintiff's failure to use a seat belt does not constitute contributory negligence or assumption of the risk that will bar plaintiff's recovery. See *Annotation, Automobile Occupant's Failure to Use Seat Belt as Contributory Negligence*, 92 A.L.R. 3d 9. Courts have held that way because plaintiff's failure to use a seat belt in no way contributed to the accident.

The question of whether defendant may raise plaintiff's failure to wear a seat belt as a failure to mitigate damages has divided appellate courts in many states. A majority of the courts do hold that failure of a plaintiff to use seat belts is not a basis for reducing the plaintiff's damage claim. The rationale the courts have used for this position include all of the reasons stated in plaintiffs preliminary objec-

tions. See also, *Annotation, Nonuse of Seat Belts as Failure to Mitigate Damages,* 80 A.L.R. 3d 1033.

The only Pennsylvania appellate court case which has discussed this issue is *Parise v. Fehnel,* 267 Pa. Super. 79, 406 A.2d 346 (1979). In that case the Pennsylvania Superior Court held that refusal to charge the jury that plaintiff's failure to use seat belt could be used as evidence of contributory negligence on issue of damages if there was causal connection between nonuse of seat belt and the injuries was proper. The court in that case did not hold that defendant could use the seat belt defense in the mitigation of damages issue. The court, however, in dicta indicated that it might have allowed defendant to raise the seat belt defense if defendant had introduced expert testimony showing a relationship between the injuries and the failure to use seat belts.

Because *Parise v. Fehnel* does not in its holding recognize the seat belt defense on the mitigation of damages issue, this court cannot do so either. Thus far in Pennsylvania, in considering the failure to mitigate damages, the law only recognizes conduct of plaintiff after the accident occurs and not before the accident. The law does not require plaintiffs to anticipate they would be involved in an automobile accident, allegedly caused by another, nor penalize them for failing to anticipate it.

## ORDER

Now, August 8, 1986, after careful consideration of all arguments by counsel and for the reasons set forth in the memorandum opinion attached hereto, it is ordered that the preliminary objections, filed by plaintiffs to defendant's new matter, are sustained and paragraphs 10 and 11 of defendant's new matter be and hereby are stricken.