## Gaerttner v. Saloum

*Denis W. Krill,* for plaintiffs.
*Donald E. Wright,* for defendant.

LEVIN, *J.* March 11, 1987—Plaintiffs' action arose out of an automobile accident in which plaintiffs allegedly sustained certain injuries.

This matter now comes before the court on plaintiffs' preliminary objections in the nature of a demurrer and motion to strike defendant's new matter.

Plaintiffs' objections are based on defendant raising as a defense plaintiff, Otto R. Gaerttner's, purported failure to use a seat belt at the time of the accident. Specifically, defendant's answer and new matter avers:

(18) Plaintiff was contributorily negligent in failing to utilize a seat belt.

(19) Plaintiff assumed the risk of injury in failing to utilize a seat belt.

(20) Plaintiff's injuries were caused by his failure to use a seat belt.

When ruling on preliminary objections in the nature of a demurrer and motion to strike, this court accepts as true all well pleaded facts and inferences reasonably deducible therefrom. *Schott v. Westinghouse Electric Corp.*, 436 Pa. 279, 282, 259 A.2d 443, 445 (1969). The court will only dismiss those claims which are clear and free from doubt. *Legman v. Scranton*, 432 Pa. 342, 247 A.2d 566 (1968). In order to sustain preliminary objections in the nature of a demurrer it must appear that upon all facts pleaded the law will not permit recovery. All doubt should be resolved by refusing to sustain the preliminary objections. *Birl v. Philadelphia Electric Co.*, 402 Pa. 297, 167 A.2d 472 (1960); *Sunray Drug Co. v. Lawler*, 366 Pa. 571, 79 A.2d 262 (1951).

In light of these rules, the court must address the primary question presented by plaintiff's preliminary objections. This legal issue is whether plaintiff's failure to wear a seat belt is a defense which can be raised in new matter by defendant in making an allegation of contributory negligence.

In Pennsylvania, no statute as yet has been enacted requiring the mandatory use of seat belts in motor vehicles. The courts of other jurisdictions have found, albeit implicity, that in spite of the lack of legislation in their respective states, there is a duty to wear an available seat belt when in a motor vehicle. See 92 ALR.3d 9, §5 (1979), 80 ALR 1033 §3 (1972). *Beatzler v. Braun*, 34 Wis.2d 362, 149 N.W.2d 626 (1967); *Spier v. Barker*, 35 N.Y.2d 444,

363 N.Y.S.2d 916, 323 N.E.2d 164 (1974).

Conversely, certain courts have also held that, absent a statutory mandate, a person has no duty to wear a seat belt. See generally, 92 ALR.3d 9 (1979), 80 ALR.3d 1033 (1977); *Clarkson v. Wright*, 108 Ill.2d 129, Ill. Dec. 950, 483 N.E. 2d 268 (1985).

In this commonwealth, the leading cases in this area are *Parise v. Fehnel*, 267 Pa. Super. 79, 406 A.2d 345 (1979) and *McKee v. Southeast Delco School District*, 354 Pa. Super. 433, 512 A.2d 28 (1986). The division of authority existing in the case law on this issue was acknowledged by our Superior Court in *Parise*. However, this split has not yet been reconciled in either the *Parise* or *McKee* cases inasmuch as it was not essential to the decisions in those cases.

Since the Pennsylvania appellate courts have not squarely addressed the issue before this court, this court in ruling on the matter, is sailing on unchartered waters.

The dicta, however, in both *Parise* and *McKee* is enlightening. It gives this court a beacon by which to travel on this waterway.

In the *Parise* case, the Superior Court stated:

". . . [T]he New Jersey Superior Court said that it might have allowed the seat belt defense if he had introduced expert testimony showing a relationship between plaintiff's injuries and his failure to use seat belts. . . . *That is our position.*" (citations omitted) (emphasis supplied). *Parise v. Fehnel*, supra.

The language of the Superior Court in the *McKee* case is even stronger:

"Moreover, it is by now common knowledge that seat belts are effective safeguards against injury to occupants of motor vehicles. A failure to restrain the children who were passengers in the school van, therefore, *could have been found by the jury to be a*

*breach of the operator's duty to exercise care to protect the children from injury."* (emphasis supplied). *McKee,* supra.

In essence, by making the above statements, our Superior Court is taking judicial notice of the fact that seat belts are an effective safeguard and that failure to use same constitutes a lack of due care. With this in mind, this court must reach the conclusion that given proper and competent proof the seat belt defense could be an appropriate defense.

In cases such as this, where the pronouncements of our appellate courts are not certain, the trial court is tempted to toss a coin. This is not proper. Justice Musmanno articulated this dilemma best when he stated:

"The court below, in deciding the case, said that, 'Without any controlling decision to guide us, we could conscientiously decide this case either way on the facts.'

"This is a strange statement for a court to make. Justice escapes through an open window when a controverted case is determined by the tossing of a coin. No decree should be founded on a haphazard head-or-tail determination. An evenly balanced seesaw can never catapult an alleged injured person's rights into remedial fulfillment." *Lackey v. Sacoolas,* 411 Pa. 235, 191 A.2d 395 (1963).

Hence, this court has not tossed a coin but rather, has tried to delve into what is meant by the appellate courts' decisions. There is no question that the appellate courts are cognizant of the safety requirements of a seat belt. Legislation is rapidly being passed throughout this country mandating the use of seat belts.[1] This court cannot close its eyes to the

---

1. A majority of states have already passed legislation requiring the mandatory use of seat belts in motor vehicles. These states are: California, Connecticut, District of Colum-

obvious actions of the courts and legislatures. Therefore, based on all of the foregoing reasons, plaintiffs' preliminary objections to defendant's new matter are dismissed.

## ORDER

And now, this March 11, 1987, it is ordered, adjudged and decreed that plaintiffs' preliminary objections to defendant's new matter are dismissed. Plaintiffs have 30 days from the date of this order to file their responsive pleadings.

---

bia, Florida, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Louisiana, Massachusetts, Maryland, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New Mexico, New York, North Carolina, Ohio, Oklahoma, Tennessee, Texas, Utah, and Washington. (The Pennsylvania AAA Federation, Bulletin #71, July 8, 1986).