## Turner v. Scaife

*Scott Waters,* for plaintiff.
*Richard A. Gray,* for defendant.

RAUP, *P.J.* and WOLLET, *J.*, March 24, 1987 — This matter is before the court on plaintiff's preliminary objections to the answer and new matter of defendant raising a seat belt defense on alternative theories of comparative negligence and mitigation of damages. The issue has been heard by the court en banc.

This litigation arises from a one-car accident which occured on January 1, 1986, in Loyalsock Township, Lycoming County. Defendant was the operator of the motor vehicle, and plaintiff, a minor, was a front-seat passenger. Defendant allegedly operated his vehicle negligently, resulting in a collision with a utility pole. The vehicle was equipped with a seat belt for the passenger but the safety restraint was not being used by plaintiff at the time of the accident. In paragraphs 15 and 16 of the new matter, defendant alleges that plaintiff was contributorily negligent in failing to wear a seat belt and as a result should be barred in whole or in part by the Pennsylvania Comparative Negligence Law. In paragraph 17, defendant alleges plaintiff failed to mitigate her damages; this allegation relates as well to the failure of plaintiff to use seat belts.

It would appear that no appellate court in Pennsylvania has made a definitive ruling on whether the failure of a plaintiff to use a seat belt can be used as a defense in an action arising out of an automobile accident. Two Superior Court panels have considered cases involving seat belt issues, but neither decision is controlling in this case. In *Parise v. Fehnel,* 267 Pa. Super. 79, 406 A.2d 345 (1979), the court affirmed a lower court holding that the trial judge properly refused to submit a seat belt defense to the jury in a case where there had been no expert testimony which would support a finding that the use of a seat belt could have prevented or diminish-

ed the injuries sustained by plaintiff. Judge Spaeth, writing for the panel, cautioned however:

"Our decision today should not be seen as foreclosing the possibility of a so-called 'seat belt defense' in future cases. There is a split of authority as to the seat belt defense. Illinois, New York and Wisconsin recognize the rule that plaintiff's failure to wear seat belts may, on proper proof, result in a finding that plaintiff failed to mitigate damages. . . .

"Several states reject any version of the seat belt defense. . . . Still other states have not committed themselves, indicating that they may adopt some version of the defense if presented with a suitable case. In *Barry v. Coca Cola Company*, 99 N.J. Super. 270, 239 A.2d 273 (1967), the New Jersey Superior Court said that it might have allowed the defendant a seat belt defense if he had introduced expert testimony showing a relationship between plaintiff's injuries and his failure to use seat belts. . . ."

In *McKee v. Southeast Delco School District*, 354 Pa. Super. 433, 512 A.2d 28 (1986), the Superior Court held that the jury should have been allowed to consider evidence that the operator of a van had failed to use seat belts to restrain child passengers. In *McKee*, defendant, owing a duty to exercise care to protect its passengers (plaintiffs), had been instructed to have those passengers restrained by seat belts and had failed to do so. Because defendants in that case had undertaken a contractual obligation to use seat belts, the case is distinguishable from the present facts.

The general test for the existence of contributory negligence on the part of a plaintiff is whether plaintiff, under all of the circumstances then present, failed to exercise ordinary care for his protection. See Pennsylvania Suggested Standard Civil

Jury Instruction no. 3.03. What factual patterns create a jury issue as to the existence of negligence or contributory negligence have for the most part been defined through common law development. Automobile seat belts and other self-protective devices have been the subject of extensive technological development in recent years. Certainly it can reasonably be argued that the use of such devices by vehicle occupants is a subject of an evolving standard of care.

In the absence of any appellate decision or statutory enactment to the contrary, we cannot say that a defendant-operator is foreclosed as a matter of law from presenting evidence that a plaintiff-passenger in a vehicle has failed to use reasonable care for his own protection by failing to use an available seat belt device; and that the failure to use the device was a substantial factor in causing the injuries sustained by plaintiff. Accordingly we hold that plaintiff's demurrer to paragraphs 15 and 16 of the answer and new matter shall be denied. We caution defendant, however, that in order to meet his burden at trial with respect to this defense, expert testimony will be required.

With regard to the defense set forth in paragraph 17 of new matter, that the failure to use the seat belt constitutes a failure to mitigate damages, the court affirms the holding of Judge Robert J. Wollet in *Camp v. Zoizack,* no. 84-01119, Lycoming County, November 21, 1985, wherein this defense theory was rejected because the duty to mitigate damages does not arise until after a tortious impact. The seat belt issue is a question of contributory negligence and not a question of mitigation of damages.

Plaintiff in this case has argued that the Child Passenger Restraint Law articulates a legislative policy in the state that a failure to use passenger re-

straint systems should not be considered in civil litigation as evidence of contributory negligence. The statute (75 Pa.C.S. §4571) requires that a parent or legal guardian of a child under the age of four, when transporting such child in a vehicle, must securely fasten the child in a child passenger restraint system. The statute then provides:

"Section 4581(e) Civil Actions.

"In no event shall a violation or alleged violation of this subchapter be used as evidence in a trial of any civil action; nor shall any jury in a civil action be instructed that any conduct did constitute or could be interpreted by them to constitute a violation of this subchapter; nor shall failure to use a child passenger restraint system be considered as contributory negligence nor shall failure to use such a system be admissible as evidence in a trial of any civil action; nor shall this subchapter impose any legal obligation upon or impute any civil liability whatsoever to an owner, employer, manufacturer, dealer or person engaged in the business of renting or leasing vehicles to the public to equip a vehicle with a child passenger restraint system or to have such child passenger restraint system available whenever their vehicle may be used to tranport a child."

We are also mindful that in the last legislative session both the Pennsylvania House and Senate passed bills which were substantially similar and which would have required certain motor vehicle occupants to use seat belts. Neither version of the bills would have allowed the failure to use a seat belt to be used as evidence in a civil action.

The Child Passenger Restraint Law is, of course, inapplicable to the present case. Moreover, the *policy considerations* which underlie the *civil actions* section of that statute would have little application to cases involving non-infant plaintiffs. A child un-

der the age of four is conclusively presumed to be incapable of contributory negligence. A parent pursuing civil litigation by reason of injury to a young child would presumably be bringing the action in the interest of the child or the child's estate.

While the seat belt bills considered by the Pennsylvania Legislature last year would have been applicable to the facts of this case had they been enacted, the fact remains that they were not enacted. Nor are we able to predict what civil action provisions might be approved in such a law were it eventually enacted.

We must weigh against the civil action provision contained in the unenacted bills, the general rule that a plaintiff's claim will be reduced to the extent that the injuries result from one's failure to use ordinary care to protect oneself from injury. While we do not doubt that the Legislature could validly enact legislation which negates the seat belt defense, our best judgment is that the general principles of contributory negligence in our state would permit a defendant to present evidence that a plaintiff failed to exercise reasonable care for his or her own protection by not using an available front-seat seat belt; and that such lack of care was a substantial factor in causing an injury.

Plaintiff has also argued that the seat belt defense should not be permitted because, assuming that the failure to use a seat belt is negligence, the negligence does not contribute to the *accident* in question, but rather only relates to the damages. The critical issue, however, with respect to the comparative negligence and contributory negligence questions is whether the negligence of various defendants and plaintiff were substantial factors in causing the *injuries*. Where an automobile accident

occurs, and an injured party is then treated negligently by medical care personnel, one party might be found causally negligent with respect to the accident and the medical personnel also be found casually negligent in treatment of the injuries. The cause of action with respect to both defendants might be considered in the same litigation and the jury would apportion the negligence of the two tortfeasors according to the effect each had on the ultimate injuries. Similarly, a defendant might negligently cause a "fender bender" accident which results in injuries which are unexpectedly severe because the other driver was not using a seat belt. The question in either case should be whether the negligence of the given party was a substantial factor in causing the *injury* sustained by plaintiff; not whether the negligence was a substantial factor in causing the vehicular impact.

We have also considered and rejected the argument that a seat belt defense should be deemed waived in facts such as those presented here. In this case, defendant who is asserting the defense was the operator of the vehicle in which plaintiff was a passenger. Presumably, defendant knew that plaintiff was not using a seat belt and there is no allegation that defendant-operator requested or encouraged plaintiff to use such a safety device. It may well be that the failure of an operator under such circumstances to encourage his front-seat passengers to use a seat belt would provide another dimension to defendant's potential negligence. However, we do not consider that the control by an operator over the conduct of his passengers is so established as a matter of law that the seat belt defense would be waived unless the operator required or encouraged the use of seat belts.

## ORDER

And now, this March 24, 1987, for the reasons stated in the foregoing opinion, plaintiff's preliminary objections to defendant's new matter are sustained with respect to the mitigation of damages issue, and paragraph 17 of new matter is stricken. Otherwise, the preliminary objections are denied. Plaintiff shall file a reply to defendant's new matter within 20 days of the date of this order.