## Bauknecht v. Mieczkowski

*Francis M. Mulligan*, for plaintiffs.
*Jesse L. Pleet*, for defendant.

ESHELMAN, T.J., *J.*, June 6, 1987—This is a personal injury matter arising out of a car collision. Plaintiffs filed preliminary objections in the nature of a demurrer to the answer of defendant with new matter.

On March 10, 1987, this court sustained plaintiffs' preliminary objections in the nature of a demurrer. Paragraphs 24 and 25 of the answer of defendant with new matter were dismissed. The defendant has appealed our order and we are writing this opinion pursuant to Pa.R.A.P. 1925(a).[*]

The complaint states that plaintiff, E. Arlene Bauknecht, was injured while she was a passenger in an automobile driven by her husband. A car owned and operated by defendant, Bruce Mieczkowski Sr., collided with plaintiffs' vehicle. Paragraphs 24 and 25 are the following defenses of defendant set forth in his new matter:

"(24) Plaintiff, E. Arlene Bauknecht, was not wearing a seat belt, shoulder harness, or other restraining device at the time of the accident.

"(25) The alleged injuries sustained by plaintiff, E. Arlene Bauknecht, could have been prevented or alternatively lessened had plaintiff been wearing a seat belt or shoulder harness, which was available to her in the vehicle in which she was riding at the time of the accident."

The issue for review is whether plaintiffs are entitled to a demurrer to defendant's defense in the nature of comparative negligence based on plaintiff's alleged failure to wear a seat belt.

In deciding preliminary objections in the nature of a demurrer we must assume as true all facts alleged in plaintiffs' complaint and all reasonable in-

---

[*] Defendant filed a timely motion for reconsideration of our order entered March 10, 1987, which was denied on April 8, 1987.

ferences therefrom, but not conclusions of law. In addition, a complaint will be dismissed only if the preliminary objections are clear and free from doubt. *Cisco v. United Parcel Services Inc.*, 328 Pa. Super. 300, 476 A.2d 1340 (1984).

In Pennsylvania there exists no statute which requires the mandatory use of seat belts by adult drivers or passengers. Furthermore, there are no appellant court decisions in Pennsylvania which have squarely decided whether or not the failure of a plaintiff to use a seat belt can be used as a defense in actions stemming from automobile collisions.

While there are two Superior Court decisions which have raised seat belt issues, *Parise v. Fehnel*, 267 Pa. Super. 79, 406 A.2d 345 (1979); and *McKee v. Southeast Delco School District*, 354 Pa. Super. 433, 512 A.2d 28 (1986), neither decision has addressed the issue of whether a "seat belt defense" would ever be permitted in general.

In *Parise, supra,* the sole issue before the Superior Court was whether the lower court erred in not granting a requested instruction which would have permitted the jury to find that plaintiff's failure to use belts constituted evidence of contributory negligence on the issue of damages only, provided that there was competent evidence showing the causal connection between the non-use of the seat belt and the injuries. Plaintiff testified that her car was equipped with lap seat belts but that she was not wearing one at the time of the accident. She testified that when her car collided with defendant's car she was thrown forward and she hit the steering wheel and the dashboard. The appellant defendant argued that it was " 'within the realm of common knowledge that seat belts restrain sudden forward motion' " and that this would have reduced or eliminated plaintiff's injuries. The Superior Court was

not persuaded by defendant's argument and upheld the refusal to charge jury that a plaintiff's failure to use seat belt could be used as evidence of contributory negligence on issue of damages if there was causal connection between non-use of seat belt and injuries was proper.

The court's rationale in *Parise* was: "to have granted appellant defendant's requested point for charge would have been an invitation to the jury to engage in 'pure speculation on a very material point.' " *Parise* at 81, 406 A.2d at 346.

In *McKee v. Southeast Delco School District*, 354 Pa. Super. 433, 512 A.2d 28 (1986), the Superior Court held that the jury should have been allowed to consider evidence that operator of van had failed to use available seat belts to restrain child passengers.

Under the facts in *McKee, supra,* a jury could have found that the operator of the school van had a duty to restrain the children in the van by using available seat belts. Plaintiff-appellees offered to show that the school district had instructed defendant-appellant that children riding in its vans were to be restrained by seat belts. They also offered to show that appellant had caused instructions to be given to its drivers that seat belts were to be utilized.

We believe *McKee, supra,* is distinguishable from the instant case since defendant school district and owner of the school van had issued instructions regarding the use of seat belts and that the van operator had failed to use those belts to restrain the children. While we recognize the expressly cautioned language of *Parise v. Fehnel, supra,* used in *McKee,* where the court states: "[o]ur decision today should not be seen as foreclosing the possibility of a so-

called seat belt defense in future cases," the facts of the present controversy before us does not warrant the same outcome as *McKee*.

In the present case, since the parties were under no contractual obligation to use seat belts, coupled with the absence of statutory law or appellate court decisions, we accordingly hold that plaintiffs' preliminary objections in the nature of a demurrer to paragraphs 24 and 25 of the answer of defendant with new matter are sustained.