## Marcon v. Howell

*Annaliese P. Masser,* for plaintiff.
*Kim Ross Houser,* for defendants.

AMBROSE, *J.,* September 25, 1987—This case arises from a motor vehicle accident in which plaintiff claims that he received personal injuries and damages. The accident occurred on January 25, 1985, when plaintiff was operating his vehicle in a northerly direction of Pennsylvania Route 993, and defendant, Doris G. Howell, was operating her vehicle in a southerly direction on the same road at the same time. A collision between the two vehicles occurred.

Defendants filed an answer and new matter to plaintiff's complaint. Paragraph 21 of defendant's new matter alleges that plaintiff's injuries and damages "were caused by or enhanced by virtue of plaintiff's failure to properly utilize available passenger restraint systems." Plaintiff has filed preliminary objections asking that paragraph 21 of defendant's new matter be stricken.

The issue involved in this case at this point is whether plaintiff's failure to wear a seat belt is a defense that can be raised in new matter by defendants. The question of whether a defendant in an automobile personal injury action may raise plaintiff's failure to wear a seat belt as an issue of contributory negligence has been considered many times, both in Pennsylvania and in many other jurisdictions. While there is diversity on this issue, the majority of jurisdictions have contended that failure to wear a seat belt is not relevent to the question of proximate cause of an accident. Failure to wear a

seat belt is almost universally not considered to be contributory negligence per se.

There is, however, more diversity of opinion on the question of whether failure to use a seat belt may be introduced in consideration of whether or not plaintiff has failed in his duty to mitigate damages. In *Parise v. Fehnel,* 267 Pa. Super. 79, 406 A.2d 345 (1979), the Pennsylvania Superior Court indicated that it *might* be possible that a defendant could introduce expert testimony to show a relationship between injuries sustained and failure to use a seat belt. The court reasoned that such expert testimony might result in a finding that plaintiff had failed to mitigate damages, as required by law. Another more recent Superior Court case, *McKee v. Southeast Delco School District,* 354 Pa. Super. 433, 512 A.2d 28 (1986), also considered the availability of a seat belt defense collaterally. However, that decision is not dispositive of the present case because in *McKee,* supra, defendant had been instructed that children riding in its vans were to be restrained by seat belts. The failure of the school van operator to use those seat belts, after having been instructed to use them, was the reason that the Superior Court agreed that the jury should have been allowed to consider evidence that the van operator had not used available seat belts to restrain child passengers. It should be noted that the court, in *McKee,* recognized that in a majority of the courts, plaintiff's nonuse of an available seat belt was not admissible for the purpose of showing plaintiff's contributory negligence or for the purpose of mitigating damages.

Counsel have pointed out three lower court decisions dealing directly with this issue. In *Bhaukneckt v. Mieczkowski,* 79 Berks County Law Journal 251 (1987), the court refused to allow a

"seat belt defense" by sustaining plaintiff's preliminary objections in the nature of a demurrer to defendant's new matter, which raised the seat belt defense. In *Gaerttner v. Saloum,* and *Turner v. Scaife,* 17 Lyc. Co. 60 (1987), the lower courts refused to sustain preliminary objections to defendant's new matters, raising the seat belt defense, thereby permitting the issue to go to the jury. The latter two cases are pending before the Superior Court.

Although the lower court decisions are informative and helpful to some degree, there are no Pennsylvania appellate decisions requiring the use of seat belts and permitting defendant to present evidence of such, either to prove contributory negligence or to show failure to mitigate damages. The law as it currently exists in Pennsylvania does not require plaintiff to anticipate that he would be involved in an automobile accident, allegedly caused by another person. The wisdom, or lack thereof, in wearing or not wearing a seat belt is not at issue. Absent any legal requirement to do so, plaintiff cannot be held to any duty to wear a seat belt under the present state of law. Therefore, plaintiff's preliminary objections in the nature of a demurrer to paragraph 21 of defendant's new matter must be sustained.

## ORDER

And now, this September 25, 1987, after careful consideration of the preliminary objections, filed by plaintiff in the above captioned matter, and for the reasons set forth in the opinion accompanying this order, it is hereby ordered that plaintiff's preliminary objections are sustained, and paragraph 21 of defendant's new matter is stricken.