**Rider v. Yana**

David L. Lutz, for plaintiffs.
Thomas E. Brenner, for defendant.

McCULLOUGH, J., October 30, 1987—This pretrial order will define the issues at trial concerning assertion of the "seat belt defense."

The first issue is whether defendant may assert the seat belt defense against the plaintiff-mother as an additional defendant. Defendant has set out her affirmative defenses under new matter, paragraphs 19, 20 and 21, averring the seat belt defense.

Pa.R.C.P. 2252(d) provides as follows:

"(d) If the person sought to be joined is a party, the joining party shall, without moving for severance, or the filing of a praecipe for a writ or a complaint, assert in his answer as new matter that such party is alone liable to the plaintiff or liable over to the joining party or jointly or severally liable to the plaintiff or liable to the joining party directly, setting forth the ground therefor. The case shall proceed thereafter as if such party had been joined by a writ or a complaint."

The court concludes that such joinder has been effected by this defendant with the averments in paragraphs 19, 20 and 21 of new matter.

Plaintiff-mother shall be deemed joined as an additional defendant.

The second issue is whether, if plaintiff-mother is joined as an additional defendant, the seat belt defense provides a basis for asserting negligence of

the additional defendant in failing to instruct the child to buckle up or in failing to buckle up the child.

At the date of this accident, there was no statute requiring the mandatory use of seat belts in motor vehicles. The appellate courts of Pennsylvania have not squarely addressed this issue.

However, in *Gaethner v. Saloum*, 70 Erie L.J. 65 (1987), Judge Levin addressed the issues and concluded that the Superior Court of Pennsylvania in *McKee v. Southeast Delco School District*, 354 Pa. Super., 433, 512 A.2d 28 (1986) recognized that seat belts are an effective safeguard and that the failure to use seat belts constitutes a lack of due care. "With this in mind, this court must reach the conclusion that given proper and competent proof, the seat belt defense could be an appropriate defense." 70 Erie L.J. at 67. (Cf. *Baucknecht v. Mieczkowski*, No. 180 Berks Co., 1987)

We, therefore, conclude that with competent proof the seat belt defense does provide a basis for asserting negligence of plaintiff-mother as additional defendant in failing to instruct her six-year-old child to buckle up or in failing to buckle up the child.

The third issue is whether a six-year-old child may be found negligent for failing to buckle up or to position herself in a restrained seat, i.e., may a seat belt defense be asserted against a six-year-old child?

In *Dunn v. Teti*, 280 Pa. Super., 399, 421 A.2d 782 (1980), the Superior Court of Pennsylvania ruled that there is a conclusive presumption that a child under the age of seven is incapable of negligence. We accept that standard and determine that the seat belt defense shall not be asserted against the six-year-old child.

Since we have concluded plaintiff-mother has been effectively joined by the averments in defendant's new matter, plaintiff-mother is a party as an additional defendant. The jury may be asked to determine on a comparative negligence basis the casual negligence and the percentage of responsibility of plaintiff-mother as additional defendant.

The remaining issue is whether expert testimony is required to raise the seat belt defense.

We recognize that several lower court decisions require that the competent proof necessary to assert the seat belt defense is expert testimony. *Turner v. Scaife* 17 Lyc. 60 (1987); *Gaerttner v. Saloum*, 70 Erie L. J. 65 (1987); see *Parise v. Fehnel*, 267 Pa. Super., 79, 406 A.2d 345 (1979).

In *Parise*, supra, the Superior Court adopted the position that if expert testimony, on the relationship between injuries sustained and a failure to use seat belts, is presented, the seat belt defense may be allowable. Citing *Barry v. Coca Cola Co.*, 99 N.J. Super 270, 239 A.2d 273 (1967). The *Parise* court was not persuaded with the argument that it is within the realm of common knowledge that seat belts restrain sudden forward motion, thereby eliminating expert opinion to that effect.

However, we also take note of the contrary position set out in *McKee*, supra:

"Moreover, it is by now common knowledge that seat belts are effective safeguards against injury to occupants of motor vehicles. A failure to restrain . . . (passengers) . . . could have been found by the jury to be a breach of the operator's duty to exercise care to protect the children from injury." 512 A.2d at 29.

The critical distinction between those rationales, on which the need for expert testimony depends, is the complexity of the causal relationships alleged

for the injuries sustained. Essentially, in *McKee*, where plaintiff's vehicle was not involved in a collision, a jury would be competent, absent expert opinion, to determine whether the failure to use seat belts alone caused, in toto, plaintiff's injuries. Under *Parise*, competent proof, through expert testimony, would be required to aid the jury's determination of whether the failure to use seat belts caused or exacerbated plaintiff's injuries, where a vehicular collision may have also caused the injuries, alone or in conjunction with the lack of seat restraints. We conclude that it is this complex causal evaluation that necessitates the use of expert testimony in this case.

Thus, we re-affirm the well settled principle that expert testimony shall be required only where the subject matter or facts necessitate it and where it will be of help to the jury in its evaluation. *Reardon v. Meehan*, 424 Pa. 460, 227 A.2d 667 (1967); *Pirches v. General Acc. Ins. Co.*, 354 Pa. Super. 303, 511 A.2d 1349 (1986). Further, we recognize that the necessity for expert testimony should be evaluated on a case-by-case basis depending upon the subject of each case. *Zenith Radio Corp. v. Malsushita Elec. Ind. Co.*, 505 F. Supp. 1313 (E.D. Pa., 1980).

This pretrial order shall be deemed to establish the parameters by the court for the raising of the seat belt defense.