CONCURRING OPINION
ESHELMAN, W.R., S.J.
I do not agree with the reasoning set forth by Judge Schaeffer in his opinion, but I concur in the result. I conclude that we are bound by the case of Stouffer v. Commonwealth, Dept. of Transportation, 127 Pa. Commw. 606, 562 A.2d 922 (1989), since the instant case will, on appeal, go to the Commonwealth Court. Therefore, based on the principle of stare decisis I concur that defendant Pennsylvania Department of Transportation should be allowed to amend its new matter to assert a seat belt defense against plaintiff’s claim for damages resulting from an automobile accident on October 12, 1985.
However, with all due respect, I am not persuaded by the majority opinion in Stouffer that failure to use a seat belt by injured claimants constitutes a valid affirmative defense if the accident occurred prior to the effective date of the Act of November 27, 1987, P.L. 399, §5, 75 Pa.C.S. §4581. This act, effective November 23, 1987, requires that the driver and front-seat occupants of automobiles four years old and older wear seat belts, but also provides that failure to comply shall not constitute contributory negligence and shall not be admissible as evidence in the trial of a civil action.
Stouffer cites Parisi v. Fehnel, 267 Pa. Super. 79, 406 A.2d 345 (1979), which opinion stated that the court might have allowed the defendant a seat belt defense if he had introduced expert testimony show *310 ing a relationship between the plaintiff’s injuries and plaintiff’s failure to use a seat belt. Further, Stouffer relies primarily on McKee v. Southeast Delco School District, 354 Pa. Super. 433, 512 A.2d 28 (1986), but this case did not involve the question of affirmative duty of an injured claimant to wear a seat belt. Rather, McKee involved a claim on behalf of a six-year-old child who was injured on May 26, 1983, when the school van in which she was a passenger was brought to an abrupt stop by the defendant driver. The child was not restrained by a seat belt even though the school district had instructed the defendant van company to require that children riding its vans be restrained by seat belts, which same instruction had been given by the defendant van company to its employee-driver. Also, the injury was not caused by any collision of vehicles but by the abrupt stop of the van. The Superior Court granted a new trial, not because the trial court excluded evidence that the child plaintiff had failed on her part to use a seat belt, but because the trial court excluded evidence that the defendant driver of the van failed to fulfill his duty pursuant to instructions to require use of the available seat belt to restrain the child. Further, McKee held that the absence of expert testimony was not an issue in that the evidence tendered by plaintiff would have shown that the child’s injury was not caused by any collision nor was the injury exacerbated by failure to use a seat belt, but the injury was caused in toto by absence of the required seat belt, and the plaintiff’s evidence should therefore have been admitted at trial.
As pointed out in the dissenting opinion in Stouffer, no appellate court in the Commonwealth has squarely addressed the question of whether a *311 common-law duty ever existed to wear seat belts, and such a duty should not be retroactively created; and by the Act of November 1, 1983, P.L. 195, no. 53, §1, (which predates the Act of November 27, 1987), the legislature intended to create, not reaffirm, an affirmative duty to wear seat belts. The 1983 act, effective November 1, 1983, and which remains in effect as part of the amending Act of November 23, 1987, requires a parent or guardian of a child under four who transports the child in an automobile to fasten the child with a restraint system, but also provides that failure to comply shall not constitute contributory negligence and shall not be admissible in evidence in the trial of a civil action. If under the Act of 1983 evidence of failure to use a child restraint system cannot be used against the parent who violates a statutory duty, then a parent or any other person such as the plaintiff’s decedent in the instant case who was not in violation of any statutory duty should not be treated differently. See Jackson v. Pizza Hut of America Inc. v. Reed Gaffney, 133 Pitts. Leg. J. 441 (1985).
The Act of November 23, 1987, is a further manifestation of intent by the legislature to create, not reaffirm, an affirmative duty of drivers and front-seat occupants of automobiles to wear seat belts, but which act also provides that failure to comply shall not constitute contributory negligence nor be admissible in evidence in the trial of a civil action. In Grim v. Betz, 372 Pa. Super. 614, 539 A.2d 365 (1988), involving claims by the driver and passengers, the Superior Court forbade the seat belt defense even though the accident in question occurred prior to the Act of November 27, 1987.
But for my concurrence in the result for reason that the instant case will, on appeal, go to the *312 Commonwealth Court, I would otherwise deny defendant’s motion to amend its new matter to assert a seat belt defense.