Andrew S. SOLONOSKI, III, a minor, by Andrew S. SOLONOSKI, Jr. and Maura J. Solonoski, his wife, his parents and guardians, and Andrew S. Solonoski, Jr. and Maura J. Solonoski, his wife, Appellants,

v.

John C. YUHAS, Paul Nelson Junas, Paul L. Junas, City of Hazleton and Commonwealth of Pennsylvania, Department of Transportation.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 15, 1995.

Decided April 7, 1995.

Pasco L. Schiavo, for appellants.

Ralph J. Johnston, Sr. and Ralph J. Johnston, Jr., for appellee, City of Hazleton.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, KELLEY and NEWMAN, JJ.

NEWMAN, Judge.

Andrew S. Solonoski, III, (Andrew) sustained injuries in an automobile accident in Hazleton, Pennsylvania on December 13, 1986. He and his parents, Andrew S. Solonoski, Jr. and Maura Solonoski (collectively, the Solonoskis) appeal by permission from an interlocutory order of the Court of Common Pleas of Luzerne County (trial court), which denied their motion for summary judgment barring the City of Hazleton (the City) from asserting any defense based on Andrew's failure to wear a seat belt at the time of the accident.

## COMPLAINT

On September 1, 1987, the Solonoskis filed a complaint in which they alleged that on December 13, 1986, sixteen year old Andrew was a passenger in a car traveling north on Hazle Street when it collided with a vehicle driven by Paul C. Yuhas at the intersection of East Broad Street. The Solonoskis alleged that Hazle Street and its intersection with East Broad Street was "a public street or highway under the jurisdiction, control, ownership, possession, care, custody and/or control of the defendant, City of Hazleton." The complaint alleged that the City was neg-

ligent for a variety of reasons including the defective design of the road.

## RELEVANT PROCEDURAL HISTORY

On November 22, 1991, the City filed an answer and new matter in which it asserted that Andrew's failure to wear a seat belt constituted negligence and assumption of the risk. The Solonoski's filed preliminary objections to the City's new matter on April 7, 1992. On December 2, 1992, the trial court ordered the City to amend its new matter to allege specifically, *inter alia,* the nature of Andrew's conduct, including but not limited to his failure to wear a seat belt, which constituted negligence and assumption of the risk. The City filed an answer and amended new matter on May 5, 1993, to which the Solonoskis filed a reply on December 8, 1993. On the same day, the Solonoskis filed a motion for summary judgment seeking to bar the City from asserting a defense based on Andrew's failure to wear a seat belt. By order entered January 24, 1994, the trial court denied the motion. On February 22, 1994, the trial court amended its order to include a statement that this interlocutory order involves controlling questions of law as to which there are substantial grounds for difference of opinion and that an immediate appeal therefrom may materially advance the ultimate termination of the matter. *See* 42 Pa.C.S. § 702(b). Pursuant to Pa.R.A.P. 1311, the Solonoskis filed a petition for permission to appeal the order of February 22, 1994, which this court granted on March 31, 1994.[1]

## ISSUE

On appeal to this court, the sole issue raised by the Solonoskis is whether the trial court abused its discretion or committed an error of law by denying their motion for summary judgment, thereby allowing the as-

sertion of the seat belt defense against them by the City.

## SUMMARY JUDGMENT

■ Our scope of review of a trial court's grant of summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Salerno v. LaBarr,* 159 Pa.Commonwealth Ct. 99, 632 A.2d 1002 (1993), *petition for allowance of appeal denied,* 537 Pa. 655, 644 A.2d 740 (1994).

Pa.R.C.P. 1035 provides:

(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits.

(b) The adverse party, prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages.

■ An entry of summary judgment may only be granted in cases where the right is clear and free from doubt. *Marks v. Tasman,* 527 Pa. 132, 589 A.2d 205 (1991). When considering a motion for summary judgment, the record must be examined in the light most favorable to the non-moving party. *Penn Center House, Inc. v. Hoffman,* 520 Pa. 171, 553 A.2d 900 (1989).

---

1. Simultaneous with their filing of a petition for allowance of appeal with this court, the Solonoskis filed a petition for assumption of plenary jurisdiction with the Supreme Court. The petition was filed pursuant to 42 Pa.C.S. § 726, which states: "Notwithstanding any other provision of the law, the Supreme Court may, on its own or upon petition of any party, in any matter pending before any court or district justice of this Commonwealth involving an issue of immediate public importance, assume plenary jurisdiction of such matter at any stage thereof and enter a final order or otherwise cause right and justice to be done." The Supreme Court denied the petition by order dated May 18, 1994.

## STATUTE

On November 1, 1983, the legislature enacted Section 4581(a) of the Vehicle Code, 75 Pa.C.S. § 4581(a), which required motorists to place children under the age of four in a child passenger restraint system. The legislature also enacted Section 4581(e) of the Vehicle Code, 75 Pa.C.S. § 4581(e), which prohibited the introduction of evidence of the failure to use a child passenger restraint system in any civil trial. On November 23, 1987, Section 4581(a) of the Vehicle Code was amended to require all drivers and front seat occupants four years of age or older to wear "a properly adjusted and fastened safety seat belt system."

Section 4581(e) of the Vehicle Code, which was also amended on November 23, 1987, states in relevant part:

> In no event shall a violation or alleged violation of this subchapter be used as evidence in a trial of any civil action; ... nor shall failure to use a child passenger restraint system or safety seat belt system be considered as contributory negligence nor shall failure to use such a system be admissible as evidence in the trial of any civil action....

75 Pa.C.S. § 4581(e).

## RELEVANT CASE LAW

In *Stouffer v. Department of Transportation,* 127 Pa.Commonwealth Ct. 610, 562 A.2d 922 (1989), this court held that a common law duty to wear a seat belt existed prior to November 23, 1987, and that the 1987 amendments to Section 4581(e) of the Motor Vehicle Code are not to be applied retroactively. As we explain below, we overrule *Stouffer* to the extent that it reached these conclusions.

The facts of *Stouffer* are as follows. On January 18, 1985, Christine Stouffer was driving a car in which her four and one-half year old son, Jason, was a passenger. The car collided with a vehicle driven by Beverly Neuder. Stouffer and her son sustained injuries and sued both Neuder and the Department of Transportation. Neuder filed an answer and new matter. At a deposition taken seven months later, Stouffer testified that she and her son were not wearing seat belts at the time of the accident. On November 23, 1987, Neuder sought leave to amend the new matter to include the plaintiffs' failure to wear seat belts as a defense to the complaint. The trial court denied the request based on its belief that the failure to wear seat belts was not a recognized defense in Pennsylvania. This court vacated the trial court's order and remanded so that Neuder could amend the new matter.

In reaching its decision, the *Stouffer* court looked to three Superior Court cases that discussed the availability of the seat belt defense. In *Parise v. Fehnel,* 267 Pa. Superior Ct. 79, 406 A.2d 345 (1979), the trial court refused to instruct the jury that it could consider plaintiff's failure to use a seat belt as evidence of contributory negligence. The Superior Court affirmed on the basis that defendant did not produce direct evidence that plaintiff's injuries would have been less serious had she been wearing a seat belt. The Superior Court noted that its decision should not be viewed as eliminating the possibility of a seat belt defense in future cases. It adopted the position of the New Jersey Superior Court in *Barry v. Coca Cola Co.,* 99 N.J.Super. 270, 239 A.2d 273 (1967), which held it might have allowed a seat belt defense if the defendant had introduced expert testimony demonstrating a relationship between the plaintiff's injuries and his failure to use a seat belt.

The *Stouffer* court next reviewed *McKee v. Southeast Delco School District,* 354 Pa. Superior Ct. 433, 512 A.2d 28 (1986), *petition for allowance of appeal denied,* 514 Pa. 631, 522 A.2d 559 (1987), where a six year old girl sustained injuries because she was thrown from the seat of a school van when the driver stopped suddenly to avoid a collision. The trial court set aside a defense verdict and granted a new trial based on its conclusion that it erred in excluding evidence that available seat belts were not used to restrain the child. In affirming the decision of the trial court, the Superior Court recognized that this case did not present a situation where a defendant sought to offer evidence of the non-use of available seat belts to show contributory negligence of a plaintiff-passenger.

Rather, plaintiffs offered to show that the school district had instructed the van service that children riding in its vehicles were to be restrained by seat belts. Furthermore, they offered to show that the van service had instructed its operators that passengers should wear seat belts. The Superior Court stated:

> [It] is by now common knowledge that seat belts are an effective safeguard against injury to occupants of motor vehicles. A failure to restrain children who were passengers in the school van, therefore, could have been found by the jury to be a breach of the operator's duty to exercise care to protect the children from injury. We agree with the trial court that it was error to disallow evidence of this very significant circumstance.

*Id.* at 437, 512 A.2d at 29.

The Superior Court also noted that the admissibility of evidence that available seat belts had not been used was not impaired by the lack of expert testimony. This was because the plaintiffs' cause of action was not based on the contention that the failure to use a seat belt exacerbated the child's injuries, but that the defendant's failure to restrain her was the sole cause of her injuries.

The *Stouffer* court then reviewed *Grim v. Betz*, 372 Pa. Superior Ct. 614, 539 A.2d 1365 (1988). In *Grim*, a three year old child was killed and the other occupants of a vehicle were injured when a tractor trailer careened out of control, crossed the center line of the road and collided head on with the Grim vehicle. The accident occurred on May 26, 1983, and on July 25, 1984, plaintiffs filed suit against defendants. After pleading and discovery had progressed for one year, defendants moved to amend their answer and new matter to raise the defense of plaintiffs' failure to wear seat belts. The trial court, on March 31, 1986, denied the defendants' motion on the basis that it violated a positive rule of law.[2] On appeal, defendants argued

that the trial court erred in holding that the seat belt defense was contrary to a positive rule of law. They cited *Parise* in support of their position that the availability of a seat belt defense remained an open question in Pennsylvania. The Superior Court noted that the defendants were substantially correct in asserting the trial court's decision to preclude the seat belt defense as contrary to law, was erroneous based on the law as it existed on March 31, 1986.[3]

However, while the Superior Court was deciding the case, the November 23, 1987 amendments to Section 4581 of the Vehicle Code became effective. Pursuant to those amendments, the failure to use a child passenger restraint system or a safety seat belt system is inadmissible as evidence in a civil action. The Superior Court affirmed the trial court because after November 23, 1987, the defendants' proposed amendment to their answer and new matter asserting the seat belt defense was contrary to a positive rule of law. The Superior Court applied the November 23, 1987 amendments to Section 4581 of the Vehicle Code, based on the principle that an intervening change in the law must be applied in cases which are on direct appeal when the change occurs. *Leland v. J.T. Baker Chemical Co.*, 282 Pa. Superior Ct. 573, 423 A.2d 393 (1980).

In *Stouffer*, the majority of the three judge panel held that at the time of the accident, the plaintiffs were under a legal duty to wear seat belts. In support of this conclusion, the majority cited *McKee*, but offered no further explanation. The court also determined that the 1987 amendments to Section 4581 of the Vehicle Code could not be applied retroactively, and stated:

> The question of 'retroactive' application of legislation is governed by the following concepts. 'No statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly.' 1 Pa.C.S. § 1926. We have stated,

---

**2.** Amendments to pleadings "should be liberally allowed except when surprise or prejudice to the other party will result, or where the amendment is against a positive rule of law." *Posternack v. American Casualty Company of Reading,* 421 Pa. 21, 24, 218 A.2d 350, 351–352.

**3.** The court noted that the defendants were substantially correct because Section 4581(e) of the Vehicle Code, as it existed at that time, *did* preclude any attempt to plead Mrs. Grim's negligence in failing to place her three year old son in a child passenger restraint system.

'[W]here [legislation] concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage....' Although the line of demarcation between substance as opposed to mere procedure is indeed a hazy one, we have no hesitation in holding that a legislative determination that certain conduct cannot be considered in a negligence case is substantive and not mere procedure.

*Stouffer,* 127 Pa.Commonwealth Ct. at 615, 562 A.2d at 924–925 (citations omitted.)

Accordingly, the court vacated the order of the trial court and remanded the matter so that the defendant could amend her new matter.

In her dissenting opinion in *Stouffer,* Judge Palladino disagreed with the majority's conclusion that pursuant to *McKee,* the plaintiffs were under a duty to wear seat belts at the time of the accident. The dissenting opinion correctly states that in *McKee:*

> [the Superior Court] concluded that where the injury was *not* caused by contact between vehicles, evidence is admissible to show what caused the injury, even if the cause of the injury was the failure to wear a seat belt.

*Stouffer,* 127 Pa.Commonwealth Ct. at 617, 562 A.2d at 925 (citations omitted) (Palladino, J. dissenting). Because the *Stouffer* majority improperly relied on *McKee* as the only support for its conclusion that the plaintiffs were under an obligation to wear seat belts at the time of the accident, we determine that the issue was wrongly decided.

The dissenting opinion also concluded that the 1987 amendments to Section 4581 of the Vehicle Code apply to an accident that occurred prior to the date of enactment, and in support thereof noted:

> Statutes which do not impair contracts or disturb vested rights, but merely vary the procedural aspects or available remedies, may be applied to causes of action which arose prior to the enactment, but do not come to trial until after the statutory change has occurred. *Smith v. Fenner,* 399 Pa. 633, 161 A.2d 150 (1960).

*Stouffer* at 617–618, 562 A.2d at 926 (Palladino, J. dissenting).

 A legislative determination that a party may not assert a defense in a cause of action for negligence does not impair contracts or disturb vested rights. Because there was no common law duty to wear seat belts, and because the 1987 amendments to Section 4581 of the Motor Vehicle Code are to be applied retroactively, we overrule *Stouffer* with regard to these issues.

With regard to the instant matter, Andrew did not have a duty to wear a seat belt on December 13, 1986. Furthermore, pursuant to the 1987 amendments to Section 4581 of the Vehicle Code, defendant City is precluded from presenting any evidence of Andrew's failure to wear a seat belt at the time of the accident.

Accordingly, we vacate the order of the trial court and remand for the entry of an order consistent with this opinion.

### ORDER

AND NOW, April 7, 1995, we vacate the order of the Court of Common Pleas of Luzerne County and remand for the entry of an order consistent with the attached opinion.

We relinquish jurisdiction.